NELSON v. BROWNELL.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1912.)

No. 1,994.

MINES AND MINERALS (§ 38*)—LANDS IN ALASKA—CONTEST BETWEEN HOMESTEAD SETTLER AND MINERAL LOCATOR—ACTION TO QUIET TITLE.

Act Cong. May 14, 1898, c. 299, 30 Stat. 409 (U. S. Comp. St. 1901, p. 1575), which extends the homestead laws to Alaska as to lands not mineral or coal, provides for the bringing of an action to quiet title in case of adverse claims. Act Cong. March 3, 1903, c. 1002, 32 Stat. 1028 (U. S. Comp. St. Supp. 1909, p. 549), amended the above by increasing the quantity of land which might be taken as a homestead, subjecting unsurveyed lands to homestead settlement, and requiring that the boundaries of a homestead claim be plainly marked on the ground. *Held*, that the amendment did not extend the provision of the original act authorizing a suit to quiet title by an adverse claimant to a contest between a homestead settler and the locator of a mineral claim concerning the mineral or nonmineral character of the land claimed by both.

[Ed. Note.—For other cases, see Mines and Minerals, Dec. Dig. § 38.*]

In Error to the District Court of the United States for the Third Division of the Territory of Alaska.

Action by John A. Nelson against Don Carlos Brownell. Judgment for defendant, and plaintiff brings error. Affirmed.

The plaintiff in error brought an action alleging that he is a citizen of the United States, and the locator of and in the possession of a certain described quartz mining claim, under a location made on January 1, 1910; that the defendant in error located the ground on which the claim was located, and other lands, as a homestead, and on May 10, 1910, advertised notice of his final proof under the homestead laws of the United States; that said lands are mineral lands, and not subject to homestead entry under the laws of the United States, and the claim of the defendant in error is without right; that on August 8, 1910, the plaintiff in error caused to be filed in the United States Land Office at Juneau in the land district in which the premises are situated his adverse claim under oath, as required by law, of so much of the land embraced in the said homestead location as conflicted with his quartz mining claim; that said adverse claim was filed within 30 days after the publication of notice of final proof of said homestead; that said mining location contains a ledge of gold-bearing rock in place, carrying values of from $1 to $15 per ton. The prayer of the complaint was that the defendant in error be required to set forth the nature of his claim, that his adverse claim be determined by a decree of the court, and that the title of the plaintiff in error be quieted as against such claim. A demurrer to the complaint was sustained on the ground that the court had no jurisdiction of the subject-matter of the action.

S. O. Morford and Jas. Alva Watt, for plaintiff in error.
L. V. Ray, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). It is contended that an exception to the rule that the jurisdiction of the land office to determine the question of the mineral or nonmineral character of land as between a mining claimant and a homestead settler is exclusive is created by the provisions of Act Cong. May 14, 1898, c. 299, 30 Stat. 409 (U. S. Comp. St. 1901, p. 1575), as amended by Act March 3, 1903, c. 1002, 32 Stat. 1028 (U. S. Comp. St. Supp. 1909, p. 549). The act of May 14, 1898, entitled "An act extending the homestead laws and providing for right of way for railroads in the District of Alaska and for other purposes," provides, in the first section, that the homestead land laws of the United States and the rights extended thereunder, including the right to enter surveyed or unsurveyed lands under the provisions of law relating to the acquisition of title through soldier's additional homestead rights, are extended to the District of Alaska, subject to such regulations as may be made by the Secretary of the Interior. Then follow provisions for rights of way to railroads, and rights of way for wagon roads and tramways. Section 10 provides:

"That any citizen of the United States, 21 years of age, or any association of such citizens, or any corporation incorporated under the laws of the United States, or of any state or territory now authorized by law to hold lands in the territories hereafter in the possession of and occupying public lands in the District of Alaska in good faith, for the purposes of trade, manufacture, or other productive industry, may each purchase one claim only, not exceeding eighty acres, of such land for any one person, association or

corporation, at two dollars and fifty cents per acre, upon submission of proof that said area embraces improvements of the claimant and is needed in the prosecution of such trade, manufacture or other productive industry, such tract of land not to include mineral or coal lands."

Then follows the proviso that:

"In case more than one person, association or corporation shall claim the same tract of land, the person, association or corporation having the prior claim by reason of actual possession and continued occupation in good faith shall be entitled to purchase the same."

Then follow provisions in regard to the admissibility of testimony before the register and receiver of the proper local land office, providing that such proof and certified copy of the field notes and plat of survey of the claim shall be filed in the office of the Surveyor General of the District of Alaska, and, if the survey and plat be approved by him, certified copies thereof, with the claimant's application to purchase, shall be filed in the United States Land Office in the land district in which the claim is situated; that at the expense of the claimant the register shall cause notice of such application to be published for a prescribed time; that the plat and the application to purchase shall be posted on the claim in a conspicuous place for 60 days, "and during such period of posting and publication, or within 30 days thereafter, any person, corporation, or association having or asserting any adverse interest in, or claim to, the tract of land or any part thereof, sought to be purchased, may file in the land office where such application is pending, under oath, an adverse claim setting forth the nature and extent thereof, and such adverse claimant shall, within 60 days after the filing of such adverse claim, begin action to quiet title in a court of competent jurisdiction within the District of Alaska, and thereafter no patent shall issue for such claim until the final adjudication of the rights of the parties, and such patent shall then be issued in conformity with the final decree of the court."

It is clear that the requirement that an action to quiet title shall be brought as expressed in the last clauses of section 10 has reference only to contests affecting the rights of persons and associations of persons and corporations occupying public lands in the District of Alaska for the purposes of "trade, manufacture, or other productive industry," and that it does not apply to contests arising between homestead settlers and the locators of mineral claims, concerning the mineral or nonmineral character of the land claimed by both. But it is said that the amendment of March 3, 1903, has the effect to extend that provision to such contests. The amendment of March 3, 1903, is entitled "An act to amend section 1 of the act of Congress approved May 14, 1898, entitled," etc. It amends section 1 of the act so referred to by increasing from 80 to 320 acres the quantity of land which a settler may enter as a homestead in the District of Alaska, and extends the right of homestead to unsurveyed land "subject to such regulations as may be made by the Secretary of the Interior," and it further requires that the homestead shall be marked on the ground by permanent monuments at each of the four corners, that a record of the location shall within

90 days from the date of settlement be filed for record in the recording district in which the land is situated, and that if after the expiration of five years, or at such date as the settler may desire to commute, the public surveys of the United States have not been extended over the land located, a patent shall nevertheless issue for the land included within the boundaries of such location as thus recorded, "upon proof to be submitted to the register and receiver of the proper land office, upon proof that he is a citizen of the United States and upon the further proof required by section 2291 of the Revised Statutes of the United States† as heretofore and herein amended, and under the procedure in the obtaining of patents to the unsurveyed lands of the United States as provided for by section 10 of the act hereby amended." The intention of the amendment was to increase the quantity of land which might be taken as a homestead in Alaska, to subject unsurveyed lands to homestead settlement and patent, and to require that the boundaries of a homestead claim be plainly marked on the ground. That was substantially all that was accomplished by the amendment. There is no ground for the contention that by virtue of the provision requiring a homestead settler to furnish proof under the procedure for obtaining patents to surveyed lands of the United States as provided for by section 10 of the act of May 14, 1898, one who has a mining location in conflict with a homestead claim is required to bring a suit to quiet title before the decision of his adverse claim which is filed and pending in the land office. The amendment makes section 10 of the prior act applicable to proof of homesteads on unsurveyed lands as well as those on surveyed lands, and with that exception leaves its purport and meaning unchanged. In brief, the law under the amendment is what it was before, so far as it directs that a suit be brought to quiet title. If a person, association, or corporation in the occupation of land for the purpose of trade, manufacture, or productive industry claims by right of occupation land whether surveyed or unsurveyed which is included in a homestead settlement, he must at the appropriate time bring a suit to determine in a court the questions on which his right of occupation depends. The jurisdiction of the land office to determine contests between locators of mining claims and homestead settlers remains as it was before.

The judgment is affirmed.