QUINTON et al. v. EQUITABLE INV. CO. et al.

(Circuit Court of Appeals, Ninth Circuit. May 6, 1912.)

No. 2,093.

1. INJUNCTION (§ 26*)—SUBJECTS OF RELIEF—ACTIONS AT LAW—WANT OF JURISDICTION.

It is a general rule that, where a court is proceeding in an action at law without jurisdiction, no injunction will be granted to restrain the plaintiff therein, since the proceeding is void at law and the law affords an adequate remedy, and such rule applies to a case where the complainants in equity are strangers to the action at law.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 24–49, 54–61; Dec. Dig. § 26.*

Restraining proceedings in federal courts, see note to Clapp v. Otoe County, Neb., 45 C. C. A. 591.]

2. INJUNCTION (§ 26*)—SUIT TO RESTRAIN ACTION AT LAW AGAINST IRRIGATION DISTRICT—RIGHT OF TAXPAYERS TO MAINTAIN.

Taxpayers residing within an irrigation district organized under St. Cal. 1887, p. 33, known as the Wright Act, cannot maintain a suit in equity to enjoin the prosecution of an action at law brought against the district on its bonds on the ground that the bonds are void, that the persons served are not officers of the district, and that it has no officers to represent it, and especially where it is not shown that any application has been made to the board of supervisors of the county to appoint directors for the district as authorized by section 10 of the act in case of vacancies.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 24–49, 54–61; Dec. Dig. § 26.*]

3. WATERS AND WATER COURSES (§ 225*)—IRRIGATION DISTRICT—LEGALITY OF ORGANIZATION—COLLATERAL ATTACK.

Under the decisions of the Supreme Court of California which are binding on a federal court, the question of the legality of the organization of an irrigation district may not be raised collaterally if the district is acting under color of law and the state acquiesces therein.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 317; Dec. Dig. § 225.*]

Appeal from the Circuit Court of the United States for the Southern Division of the Southern District of California.

Suit in equity by Amelia S. Quinton, George H. Quinton, John G. Swanson, A. McClure, C. Carter, H. A. Smith, Joseph Jourdan, T. H. Sharpless, J. G. Tigner, J. H. Woodward, Carl Anderson, W. A. Morrison, A. F. Hardy, S. R. Waller, A. W. Hook, W. R. Morrison, A. F. Thompson, George C. Woodward, W. D. Woodward, C. W. Woodward, M. A. Wolcott, I. A. Holman, and Isaac Hall against the Equitable Investment Company, R. H. Thompson, and Conrad Escher and Louis Rahn, copartners doing business as Escher & Rahn. Decree for defendants, and complainants appeal. Affirmed.

The appellees herein had brought actions in the court below to recover judgments on certain bonds purporting to have been issued by the Perris irrigation district of San Bernardino county, state of California; the bonds being of a series of bonds amounting in the aggregate to $442,000, issued by the board of directors of said irrigation district pursuant to a vote of the electors of the district at an election held on November 1, 1890, and containing the recital that they were issued by authority of and pursuant to, and after full compliance with, all the requirements of the act of the Legislature

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the state of California, entitled "An act to provide for the organization and government of irrigation districts and to provide for the acquisition of water and other property and for the distribution of water thereby for irrigation purposes," approved March 7, 1887, and generally known as the Wright Act. The appellants herein obtained leave to intervene in said actions at law, and in their complaint in intervention alleged that there was not then, nor ever was, any Perris irrigation district organized under the Wright Act; that the persons served with summons in said actions at law were not the officers of said alleged district; that there were proceedings had pretending to organize said district and elect officers therefor, but that the board of supervisors of the county of San Bernardino, before whom said proceedings were had, acted without jurisdiction, and the proceedings for the organization of the district were absolutely void, and said district never legally executed or issued the bonds; that certain persons assumed and claimed the right to act as the officers of said alleged district, but they acted without legal power or authority, and without any legal election or appointment to such offices; that they have long since abandoned said offices and moved out of the district; that some of the persons so served with summons in said actions are now out of the state of California and have no interest in said alleged district and no power or authority to represent the same or the property owners therein. And the interveners alleged that if they were not permitted to intervene and protect their rights, judgment would be taken against the said alleged district, and the property of the interveners would be thereby incumbered and liable to taxation to meet and pay the same.

The defendants to the bill, who were the plaintiffs in the law action, demurred to the complaint in intervention, the demurrer was sustained, and the complaint was struck from the files. Thereupon the appellants filed the bill in equity, which is under review on the present appeal, to enjoin the prosecution of the actions at law on the ground that the court was without jurisdiction of the subject-matter thereof, or of the alleged Perris irrigation district, and alleging therein the facts that had been set up in their complaint in intervention, and further averred that the district disposed of said bonds contrary to law, that the landowners never received any benefit therefrom, that the plaintiffs in said actions who are made the defendants to the bill knew that they were void at the time of their purchase, and the complainants ask by way of discovery that the defendants be required to answer when and from whom the bonds were acquired with the price paid for each thereof, and the numbers of each of the bonds claimed by each of the defendants. The defendants, the appellees herein, thereupon demurred to the bill for want of equity, for multifariousness, for the reason that the complainants had a full, adequate, and complete remedy at law, and that the court had no jurisdiction. The demurrer was sustained, and, the complainants declining to amend, a decree was entered dismissing the bill. From that decree the present appeal is taken.

John D. Works, Bradner W. Lee, and Lewis R. Works, all of Los Angeles, Cal., and Frank W. Stafford, for appellants.

Oscar C. Mueller, William M. Hiatt, and Frederick S. Lyon, all of Los Angeles, Cal., for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The appellants assert that there is equity in their bill to enjoin the prosecution of the actions at law, and that the case stands upon the doctrine that taxpayers have the right to invoke the intervention of a court of equity to prevent the illegal disposition of moneys of a county or a municipal corporation, as sustained in Crampton v. Zabriskie, 101 U. S. 601, 25 L. Ed. 1070, where it was held that, in the absence of legislation restricting the right to interfere in such cases, there was no substantial reason why a bill by or on behalf of individual taxpayers

should not be entertained to prevent the misuse of corporate powers. In the present case, however, the bill is not directed against officers of the irrigation district, nor is it the object thereof to restrain or control any action of such officers looking to an illegal disposition of moneys of the district, or to the creation of debt which the taxpayers of the district may be called upon to pay. In fact, neither the district itself nor any officer thereof is made a party to the bill. The suit is directed against persons who are the plaintiffs, in actions brought to recover judgments on certain bonds issued in the name of the district, and the right of the appellants to prosecute their suit is predicated on the allegations that the persons who were served with process in those actions are not the officers of the district, and have no power or authority to represent it, and will make no defense to the actions, and that neither at the time of the commencement of the actions, nor at any time since, has the district had any directors upon whom service could be made, and that the court in which said actions were brought was therefore without jurisdiction thereof.

[1] It is the general rule that, where a court is proceeding in an action at law without jurisdiction, no injunction will be granted to restrain the plaintiff therein, since the proceeding is void at law, and the law affords an adequate remedy. Gray v. Jones, 178 Ill. 169, 52 N. E. 941; Birmingham Ry. & Electric Co. v. Birmingham Traction Co., 121 Ala. 475, 25 South. 777; Etowah Mfg. Co. v. Dobbins, 68 Ga. 823; St. Louis Iron Mountain Ry. Co. v. Reynolds, 89 Mo. 146, 1 S. W. 208. The rule has generally been applied in cases where the defendants in the law action have attempted to resort to equity for injunctive relief. It should be held to apply also to cases where, as here, the complainants in equity are strangers to the action at law. No special facts are alleged in the present case which will create an exception to the general rule.

[2] If it is true that there are no directors of the Perris irrigation district and there were none at the time of the commencement of the actions, the appellants had a remedy under section 10 of the Wright Act (St. 1887, p. 33), which provides that, in case of vacancies in the office of members of the board of directors:

"The vacancies shall be filled by appointment by the board of supervisors of the county where the office of such board is situated."

If there were valid defenses to the actions at law, it was the duty of the officers of the Perris irrigation district to present them; and, if there were no such officers, it was the duty of the appellants to have made application to the board of supervisors for the appointment of such officers. There is no allegation in the bill that any such application was ever made, or that the board of supervisors ever refused to make such appointments. It is well settled that a stockholder in a corporation may not bring a bill against the corporation and other parties founded on rights which may properly be asserted by the corporation, without setting forth in his bill the efforts he has made to obtain the action which he desires on the part of the officers of the corporation, and alleging their refusal to act. Corbus v. Gold Mining Co., 187 U. S. 455, 23 Sup. Ct. 157, 47 L. Ed. 256; Hawes v. Oak-

land, 104 U. S. 450, 26 L. Ed. 827. There is stronger ground for applying that doctrine in a case where the suit is brought by taxpayers of an irrigation district who are not in privity with the district and do not even make the district a party to the suit. The case comes clearly within the principle of the decision in Taylor v. Holmes, 127 U. S. 489, 8 Sup. Ct. 1192, 32 L. Ed. 179, where it was held that a stockholder in a corporation which had passed the term of its corporate existence and had long since ceased to exercise its corporate franchises must, in order to maintain an action for equitable relief in his own name, show that he has endeavored in vain to secure action on the part of the directors if there are any, or to have the stockholders elect a new board of directors. Said the court:

"Although the allegation of the bill is that many of the directors of the company are dead, still it is shown that one of them survives, and no assertion is made that there was any application to this surviving director on the part of the defendants for the purpose of instituting any proceedings looking to the rectification of this deed or for the recovery of the real estate in North Carolina; nor does it appear that there was any request made to him to bring any suit either at law or in chancery for that purpose. No effort was made to call together the stockholders to take any action on the part of the company, or to elect other directors, or to obtain any united action in the assertion of the claims now set up."

[3] The question of the legality of the organization of the irrigation district may not be raised collaterally if the district be acting under color of law and the state acquiesces therein. People v. Linda Vista Irrigation District, 128 Cal. 484, 61 Pac. 86; Miller v. Perris Irrigation District (C. C.) 85 Fed. 693. A decision construing the Constitution and laws of the state is binding upon a federal court. Fallbrook Irrigation District v. Bradley, 164 U. S. 112, 17 Sup. Ct. 56, 41 L. Ed. 369.

The decree is affirmed.