CAMERON v. WEEDIN, Register of U. S. Land Office, et al.

(District Court, D. Arizona. September 4, 1915.)

No. E–9.

1. INJUNCTION ⊕⟷75—OFFICIAL ACTS—PROCEEDINGS IN UNITED STATES LAND DEPARTMENT.

The court has no jurisdiction of a suit by an owner of unpatented mining claims to restrain the register and receiver of a land office from carrying out orders of the Interior Department to determine whether the land embraced within the boundaries of the claims is nonmineral, or whether there has been a discovery of a mineral-bearing vein with reference to lode and placer locations, and whether the claims were made in good faith for mineral purposes or were speculative.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 143, 144, 150; Dec. Dig. ⊕⟷75.]

2. INJUNCTION ⊕⟷75—OFFICIAL ACTS—PROCEEDINGS IN UNITED STATES LAND DEPARTMENT.

The United States Land Department is a special tribunal, with judicial functions; but, where it proceeds without jurisdiction, no injunc-

⊕⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tion will be granted by the court to restrain the proceeding, since, if the proceeding be void at law, the law affords an adequate remedy.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 143, 144, 150; Dec. Dig. ☞75.]

In Equity. Suit by Ralph H. Cameron against Thomas F. Weedin, Register of the United States Land Office at Phœnix, Ariz., and John J. Birdno, Receiver of the United States Land Office at Phœnix, Ariz. Decree denying application for temporary injunction and dismissing the bill for want of jurisdiction directed.

Robert E. Morrison and Joseph E. Morrison, both of Phœnix, Ariz., for plaintiff.

Thomas A. Flynn, U. S. Atty., and James Fitzgerald Jones, Asst. U. S. Atty., both of Phœnix, Ariz., and J. O. Seth, Asst. Sol. Department of Agriculture, of Albuquerque, N. M., for defendants.

SAWTELLE, District Judge. The facts as alleged in the bill are briefly as follows: That the plaintiff, Ralph H. Cameron, and other persons whose names are not disclosed, are the owners of certain unpatented mining claims mentioned in the complaint, which are located and held under the mineral laws of the United States and the state of Arizona. That neither said Cameron, nor any of his predecessors in interest, nor co-owners in said claims have ever applied for patents for any of said claims, or invoked the jurisdiction of the Interior Department for the purpose of acquiring title to the ground embraced within the limits of said claims. That there are now pending in the Department of the Interior of the United States, the General Land Office of the United States, and the United States land office at Phœnix, Ariz., certain proceedings or actions set out and described by title in said complaint, and that in each of said actions the said Cameron, plaintiff herein, is made one of the parties defendant, and the United States of America is the plaintiff or contestant. That in each of said proceedings or actions the matters sought to be litigated and determined are in substance: (1) That the land embraced within the boundaries of each of said claims is nonmineral in character; (2) that no discovery of a mineral-bearing vein has been made with reference to the lode and placer locations, and that no discovery of mineral of value has been made in the placer claims; and (3) that none of the claims are made in good faith for mineral purposes, but are speculative and to be used in connection with trade and business. That the defendants in this complaint, Weedin and Birdno, are, respectively, the duly appointed and acting register and receiver of the said United States land office at Phœnix.

The complaint further alleges that the said Cameron and his co-owners by operation of law obtained a vested right and property in and to all of the said claims, and of the ground embraced within their boundaries; that said alleged vested right gives to said Cameron and his co-owners a right of possession to all of said ground, and is, in effect, a grant of such right against the United States of America and all other parties; that in each of the said proceedings before the said

register and receiver at Phœnix the defendants in said proceedings, including Cameron, the plaintiff herein, filed pleas to the jurisdiction of the defendant officers, the General Land Office, and the Secretary of the Interior; that in the hearing of said proceedings held before said register and receiver on August 10, 1915, against the protest of all parties defendant, the said officers, defendants herein, overruled and denied said pleas to the jurisdiction, and that thereupon said register and receiver proceeded and are continuing to proceed with the hearings in said proceedings, over and against the protest of said Cameron and his codefendants therein; that, as a basis of said protest and plea to the jurisdiction in said proceedings, Cameron and his codefendants contended, and now contend, that this court is vested with the sole and exclusive jurisdiction, right, power, and authority to hear and determine all of the charges made in said proceedings; that the action of said register and receiver in so proceeding with the hearings is, in effect, an invasion of the general jurisdiction of this court, and an attempt to take, without due process of law, and in violation of the constitutional law of the land, the property described by title in the complaint as belonging to said Cameron and his codefendants; and that the said register and receiver, defendants herein, threaten to proceed, and are now proceeding, and will continue to proceed, with the said hearings, unless restrained by this court from so doing, to the great and irreparable damage and injury of Cameron and his codefendants, in that the register and receiver are taking testimony offered by the United States, and have required and are requiring the said Cameron and his codefendants, at great expense, to bring witnesses from afar, and to submit testimony to oppose the position of the United States as outlined in said charges so pending in said Phœnix land office, or, if the said Cameron and his codefendants do not so present such testimony, that they will waive right to introduce same and thereby be finally and irrevocably injured, not only in their defense in said proceedings, but in the expenditure of large sums of money, in amount not less than $5,000.

The prayer is that the defendants herein be restrained from further proceedings in the causes and actions so pending before them; that a preliminary injunction issue restraining said defendant officers from in any way proceeding with said causes and actions until the further order of this court; that upon final hearing of the action said defendant officers be perpetually enjoined from in any way proceeding with said causes or actions; and that the plaintiff have such further relief as the court may deem proper in the premises.

[1] A motion is made to dismiss on the ground, among others, that the suit does not involve a controversy properly within the jurisdiction of the court, and also on the ground that the title to the property in question is still in the United States, and that the courts are therefore without jurisdiction to interfere. In support of this contention defendants have filed herein an affidavit of John J. Birdno, one of the defendants, from which it appears that the proceedings mentioned in plaintiff's bill as pending in the said United States land office at Phœnix were begun and are being conducted by defendants pursuant to written directions from the Commissioner of the General Land

Office, and that the directions given them by said Commissioner were given by him in compliance with personal directions of the Secretary of the Interior. Plaintiff claims that the order of the Commissioner of the General Land Office was wrong, that there is no law under which the proceedings now pending before the register and receiver can be initiated and maintained lawfully, that the local land office has no jurisdiction of such proceedings, that they are transcending their authority and assuming powers which do not belong to them, and that on these grounds plaintiff is entitled to relief in equity.

The first question, therefore, to be considered, is whether this court has jurisdiction of the cause. It seems to me that this question must be answered in the negative. In the recent case of Plested v. Abbey, 228 U. S. 42, 33 Sup. Ct. 503, 57 L. Ed. 724, which was a suit against the register and receiver of the local land office of the United States at Pueblo, Colo., and in which plaintiffs sought injunctive relief against said land officers, restraining them from carrying out the orders of the Secretary of the Interior and the Commissioner of the General Land Office, as in the case at bar, it was strenuously insisted that the register and receiver were acting *beyond* and *contrary to* the law, and that. being *outside of the pale of the law*, they were not entitled to its protection, even though the rule exists that they should not be interfered with by the courts when exercising their official functions *within* the law. In that case the Circuit Court entered a decree sustaining a demurrer to the bill and dismissing the cause for want of jurisdiction; the court stating that this was done—

"upon the ground that a ruling or decision by the officers of a local land office of the United States made in the usual course of proceedings for the acquisition of the title to public lands is not subject to review or correction in the courts while the title to the lands remains in the United States, and also upon the further ground that while the title to public lands remains in the United States and the proceedings for acquiring that title are still in fieri, the courts are without power, by injunction or otherwise, to control the judgment and discretion of the officers of the Land Department in respect of the disposal of such lands under the public land laws."

This case was appealed to the Supreme Court, and that court, speaking through the Chief Justice, said:

"We are of opinion that the principle which caused the Circuit Court to hold that it had no jurisdiction to award the relief prayed, and hence to dismiss the bill, was a correct one. The United States had not parted with the legal title to the land. The defendants were subordinate officials of the Land Department, and the acts and omissions complained of were done pursuant to instructions from the head of the Land Department, vested by law with the power to control the conduct of his subordinates in matters of this character. As officers administering the land laws, the defendants therefore were, in the nature of things, under the control and their acts were subject to the review of their official superiors, the Commissioner of the General Land Office and ultimately of the Secretary of the Interior. As said in Litchfield v. Register and Receiver, 9 Wall. 575, 578 [19 L. Ed. 681], subordinate officials of the Land Department should not be called upon 'to put the court in possession of their views and defend their instructions from the Commissioner, and convert the contest before the Land Department into one before the court.' Indeed the doctrine upon which the court below based its action had been frequently announced and enforced. It was thus epitomized in Brown v. Hitchcock, 173 U. S. 473, 476 [19 Sup. Ct. 485, 43 L. Ed. 772], that 'until the legal title to public land passes from the government, inquiry as to

all 'equitable rights comes within the cognizance of the Land Department.' In United States v. Schurz, 102 U. S. 378, 396 [26 L. Ed. 167], the doctrine is thus stated: 'Congress has also enacted a system of laws by which rights to these lands may be acquired, and the title of the government conveyed to the citizen. This court has with a strong hand unheld the doctrine that so long as the legal title to these lands remained in the United States, and the proceedings for acquiring it were as yet in fieri, the courts would not interfere to control the exercise of the power thus vested in that tribunal. To that doctrine we still adhere.' "

It is claimed by plaintiff that the case just quoted involved the right under the laws of the United States to purchase coal lands belonging to the United States, and that therefore the decision in that case should not be followed in cases where rights are initiated and possession held under and by virtue of the laws of the United States relating to the location and possession of unpatented mining claims. I am of opinion that no such distinction can fairly be drawn, and that the principle announced in that case is equally controlling in cases arising under the mining laws. The language of the court is clear and positive, and is in terms which admit of no exceptions or qualifications, and it would seem a waste of time and labor to review or collate the decisions in which the questions here involved have been discussed, especially in view of the fact that they have been so carefully selected by the Chief Justice and are to be found in the opinion of the Supreme Court in the Plested Case, supra.

Counsel for plaintiff have called my attention to the case of Ex parte Nichols and Smith, recently decided by the Assistant Secretary of the Interior, now pending on rehearing. In that case the previous decision of the Department in the Yard Case, 38 Land Dec. Dept. Int. 59, was overruled, and it was there held that the Land Department was without jurisdiction in inquiries of the character now under consideration by the local officers, and that the courts have the exclusive jurisdiction to determine the right of possession to an unpatented mining claim. Entertaining, as I do, the opinion that this court has no jurisdiction to award the relief prayed, I deem it unnecessary in this opinion to enter into a discussion of that case, or to express any opinion with reference thereto.

[2] If it be true that the Land Department has not jurisdiction, as the bill alleges, the plaintiff has no need to come into court to enjoin proceedings which are void ab initio. This court has no power to interfere at this stage of the proceedings.

"It is the general rule that, where a court is proceeding in an action at law without jurisdiction, no injunction will be granted to restrain the plaintiff therein, since the proceeding is void at law, and the law affords an adequate remedy. * * * The rule has generally been applied in cases where the defendants in the law action have attempted to resort to equity for injunctive relief." Quinton et al. v. Equitable Inv. Co. et al., 196 Fed. 314, 316, 116 C. C. A. 134, 136 (C. C. A. Ninth Circuit).

See High on Injunctions, § 125.

The same rule applies with equal force to proceedings before the Land Department, that department being a special tribunal with judicial functions. United States ex rel. Ness v. Fisher, 223 U. S. 683, 32 Sup. Ct. 356, 56 L. Ed. 610; Plested v. Abbey, supra.

The motion to dismiss is hereby sustained, and the clerk is directed to enter a decree denying plaintiff's application for a temporary injunction, and dismissing the bill for want of jurisdiction.