[Civil No. 1534.   Filed November 8, 1917.]

[168 Pac. 645.]

RALPH CAMERON, Appellant, v. W. W. BASS, Appellee.

1. INJUNCTION—TRESPASS—PLAINTIFF'S RIGHT TO POSSESSION.—In an action to enjoin erection of a building and the exercise of other acts of ownership of land, plaintiff must show an exclusive right to possession.

2. MINES AND MINERALS—ACTION TO ESTABLISH RIGHTS—PLEADING.—A complaint setting forth acts of location, proper maintaining of boundaries, posting and recording of location notice, sinking of shaft and such acts, necessary performance of work each year and

improvements, states a *prima facie* right to the exclusive possession of a mining location in an action to restrain trespass.

3. PLEADING—NEW MATTER IN ANSWER—REPLY.—An allegation in an answer in an action to restrain trespass that the land department had refused plaintiff a patent on the ground that the land was nonmineral was new matter as against a complaint stating a *prima facie* case by stating merely the acts of location of a mining claim, and if not controverted is a bar.

4. MINES AND MINERALS—MINING CLAIMS—JURISDICTION OF LAND DEPARTMENT.—The land department has jurisdiction on application for a patent to a mining claim to decide as to whether a location is nonmineral, although after location the land was taken into a national forest reserve.

5. MINES AND MINERALS—DECISIONS OF LAND DEPARTMENT—CONCLUSIVENESS.—A decision of the land department that a mining claim previously located was nonmineral is binding on the world, and renders the location void *ab initio,* in the absence of fraud, accident, imposition, or mistake.

6. JUDGMENT — STATE COURTS — CONCLUSIVENESS — UNITED STATES. — A decision of a state court that plaintiff is entitled to exclusive possession of a mining claim is not binding on the government if not a party thereto, and the land department can declare the land nonmineral, and defeat the location.

[As to whether a state court can lawfully interfere with execution of lawful process of federal court, see note in 76 **Am. Dec.** 223.]

APPEAL from a judgment of the Superior Court of the county of Coconino. F. W. Perkins, Judge. Affirmed.

### STATEMENT OF FACTS BY THE COURT.

The appellant commenced this action to enjoin the appellee from erecting a building and from committing other threatened alleged acts of trespass upon the Cape Horn mining claim. The said mining claim is situate within the "Francis mining district" in Coconino county. The plaintiff asserts title as of a mining location and the exclusive right of possession thereto, derived from his said mineral location. The defendant asserts his right to perform all the acts charged against him in the complaint upon the authority of a permit issued to him by the government authorities controlling the national forest reserve within the boundaries of which the point of land in dispute is situate. The defendant denies the validity of plaintiff's alleged right of possession, and asserts

that plaintiff's mineral location is void, for the reason the
plaintiff has failed to discover mineral in place within the
boundaries of such location, and asserts that the said land
is nonmineral in character and has been conclusively so de-
termined by the United States land department.   Upon a
hearing the court denied plaintiff's application for the per-
petual writ of injunction, and ordered the action dismissed.
The plaintiff appeals.

Mr. Robert E. Morrison and Mr. Edward M. Doe, for
Appellant.

Mr. Thomas A. Flynn, United States Attorney, Mr. J. O.
Seth and Mr. Gerald Jones, for Appellee.

CUNNINGHAM, J. (After Stating the Facts as Above).—
Plaintiff's right to a restraining order against one about to
erect a building and threatening to exercise other acts of
ownership over land would depend upon the fact whether the
plaintiff had the exclusive right of possession of the land
affected by the defendant's alleged acts and threatened acts.
This is elementary, and certainly needs no citation of authori-
ties in support of the proposition.

The plaintiff bases his exclusive right of possession upon
the validity of the location of the Cape Horn mining claim
initiated by him on the tenth day of April, 1902.   His com-
plaint sets forth the acts of location performed by him be-
ginning with said tenth day of April, by the discovery of
mineral thereon and thereafter the other necessary acts of
maintaining the boundaries of the claim on the ground, the
posting and recording of the location notice, sinking of the
discovery shaft, etc.   The plaintiff showing his right to con-
tinue in the possession of a valid mining claim alleged that
every year since the date of said location to the year in which
the action was commenced he performed the necessary amount
of the required annual work and labor thereon; that he per-
formed at least $100 worth of work and improvements upon
said claim each of said years, including the year 1912.   The
facts therein set forth are sufficient to show *prima facie* a right
in the plaintiff to the exclusive possession of the Cape Horn
lode claim.

The defendant controverts the discovery of mineral within the boundaries of the said location, and alleges that the lands embraced within such location are nonmineral in character, and were not subject to location as a mining claim at any time, and that the United States general land office has so determined the character of such land as nonmineral. The defendant thereupon disputes the plaintiff's exclusive right to the possession of the said portion of the surface of such location claimed by defendant, while admitting all of the facts alleged in the complaint except plaintiff's exclusive right to the possession, and pleads the determination of the said land office as an estoppel in bar of plaintiff's said right.

The facts set forth in the answer as conferring jurisdiction upon the general land office to determine the mineral character of such mining claim are briefly as follows: That on the twenty-fourth day of May, 1906, the plaintiff filed his application for a mineral patent for said claim in the local land office; that on the eleventh day of February, 1909, the Secretary of the Interior of the United States rejected the said application for patent, and denied the right of the said applicant, plaintiff, to the said premises; and that thereafter, on April 3, 1912, the commissioner of the general land office held said decision final.

Of course, the matter of estoppel introduced into the case by the defendant's answer is new matter requiring a reply as such, else the facts well pleaded, setting up such new matter, are deemed admitted as true. The plaintiff has not denied the alleged decision of the Secretary of the Interior, but attempts to avoid the force of such decision: First, because the department is without jurisdiction to determine plaintiff's right of possession; second, because in a certain action in the courts, wherein the plaintiff's right to possession of said mining claim was involved, the court determined that plaintiff possessed the full legal right to occupy all of the ground embraced within the said location except the railroad right of way initiated by the adverse party through its predecessors in title at a time prior to the date upon which plaintiff initiated his said rights by mineral location. In other words, in the first place, the appellant does not deny the fact of an adverse decision by the general land office, but he denies the legal effect of that decision; in the second place, he does not plead

an adjudication of the fact by a local court, but offers proof
of an adjudication by such court in his favor establishing his
exclusive right to the possession of the land in suit here.

In the case of *Grand Canyon Ry. Co.* v. *Ralph H. Cameron,*
decided February 11, 1909, pleaded by the defendant in
estoppel, the department had before it the question of the
character of the land embraced in the Cape Horn lode claim.
Having considered the evidence and reviewed the authorities,
Secretary Garfield said: "Upon the entire record, viewed and
interpreted in the light of the leading authorities on the sub-
ject, the department is clearly of the opinion that the land is
not shown to possess such mineral character and values as to
justify the land department in awarding the desired patent."

After noticing the fact of the establishing of the national
monument and the withdrawal of the lands therein embraced,
the Secretary says: "It is the further result of the evidence,
and the department holds, that the several mining locations,
with the apparent exception of the Magician lode claim, do
not stand upon such disclosures or indications of valuable
mineral in rock in place therein, prior to the establishment
of the national monument and the withdrawal of the lands
therein embraced, as to bring them within the saving clause
of the executive order. The right of Cameron to continue
possession or exploration of those claims is hereby denied,
and the land covered thereby is declared to be and remain
part of the Grand Canyon national monument, as if such
locations had not been attempted."

In the same case the appellant here, and applicant for
patent therein, objected to the land office going into an in-
vestigation and a hearing urging as one of his grounds of
objection "that in an action to quiet title, a final judgment
in favor of Cameron had been rendered in a suit involving
all the matters now at issue before the land department, which
decision and judgment of the court, it was asserted, is bind-
ing upon the department." The Secretary said: "The above
objections are not well taken. The company's so-called 'ad-
verse claim' was dismissed, and the pendency of the com-
pany's suit presented no bar to the hearing. The findings
and judgment of the court in Cameron's suit to quiet title
as against the company are not binding upon the land depart-
ment; that action not being an adverse suit."

Hence the mineral character of the land embraced within the Cape Horn lode claim was a matter essential to be determined in the proceeding before the department. That matter was inquired into, evidence *pro* and *con* was offered, received and considered. The question of fact of the mineral character of the claim was determined after a full, fair, and comprehensive trial, and on conflicting evidence the land department finally determined the essential fact so under consideration, and for all time and all purposes that determination stands as an unimpeachable record of the actual character of the land at the time the appellant commenced his mineral location, called the Cape Horn, and at all times up to and including the date of appellant's application for patent. Unless the land department does not possess the power to determine the fact of the character of public lands, the determination reached in the patent proceeding is binding on the world. If the land department possesses the jurisdiction to inquire into and determine the fact, then its determination is conclusive, in the absence of mistake, accident, imposition, or fraud. The question of the land department's jurisdiction in such case was considered by the department in the light of the public land laws and the court decisions in the *Matter of Nichols and Smith on Rehearing.* The opinion is written by the First Assistant Secretary of the Interior, and bears date of February 5, 1917. The conclusion reached is stated as follows: "Upon a careful review of this question and after mature consideration, the department is convinced that under the law and authorities it possesses jurisdiction and authority over the subject matter of the present case"; that is, to determine the mineral character of mining locations situated within a national forest reserve. The law cited in the opinion is found in the following statutes: Sections 441, 453, and 2478, Revised Statutes of the United States (U. S. Comp. Stats. 1916, §§ 681, 699, 5120) ; Act of Congress, February 1, 1905, c. 288, 33 Stats. at Large, 628. The authorities cited in the opinion are as follows: *Low* v. *Katalla Co.,* 40 L. D. 534; *Nelson* v. *Brownell,* 193 Fed. 641, 113 C. C. A. 509; *Lassley* v. *Brownell,* 199 Fed. 772, 118 C. C. A. 362; *United States* v. *Schurz,* 102 U. S. 378, 26 L. Ed. 167; *United States* v. *Beebs,* 127 U. S. 338, 32 L. Ed. 121, 8 Sup. Ct. Rep. 1083; *Bishop* v. *Gibbon,* 158 U. S. 155, 39 L. Ed. 931, 15 Sup. Ct. Rep. 779; *Cosmos Co.* v. *Gray Eagle Co.,* 190 U. S.

301, 47 L. Ed. 1064, 23 Sup. Ct. Rep. 692; *Knight* v. *United States Land Assn.,* 142 U. S. 161, 35 L. Ed. 974, 12 Sup. Ct. Rep. 258; *Riverside Oil Co.* v. *Hitchcock,* 190 U. S. 316, 47 L. Ed. 1074, 23 Sup. Ct. Rep. 698; *Brown* v. *Hitchcock,* 173 U. S. 473, 43 L. Ed. 772, 19 Sup. Ct. Rep. 485; *McDaid* v. *Oklahoma ex rel. Smith,* 150 U. S. 209, 37 L. Ed. 1055, 14 Sup. Ct. Rep. 59; *Burfenning* v. *Chicago, St. P. etc. Ry.,* 163 U. S. 321, 41 L. Ed. 175, 16 Sup. Ct. Rep. 1018; *Clipper Min. Co.* v. *Eli Min. & Land Co.,* 194 U. S. 220, 48 L. Ed. 944, 24 Sup. Ct. Rep. 632; *Cameron* v. *Weedin* (D. C.), 226 Fed. 44; *Lane* v. *Cameron,* 45 App. D. C. 404.

Both the law and the authorities sustain the conclusion reached. The citation of additional authorities is not required. However, in *Barden* v. *Northern Pac. R. Co.,* 154 U. S. 324, 38 L. Ed. 992, 1001, 14 Sup. Ct. Rep. 1038, the court says:

"It is the established doctrine, expressed in numerous decisions of this court, that wherever Congress has provided for the disposition of any portion of the public lands, of a particular character, and authorizes the officers of the land department to issue a patent for such land upon ascertainment of certain facts, that department has jurisdiction to inquire into and determine as to the existence of such facts, and in the absence of fraud, imposition, or mistake, its determination is conclusive against collateral attack."

In order to recover in this case the appellant must necessarily disregard the finding of the land department to the effect that the land embraced within the Cape Horn lode claim is nonmineral in character. The appellant bases his possessory title solely upon the location commenced on the tenth day of April, 1902. The land office has decided that the land embraced within such location is nonmineral, and therefore not subject to location as such under the mining laws. The result of that decision is that appellant's location of the Cape Horn lode claim is void *ab initio,* that it never gave appellant any rights therein, and that such actual possession as appellant had based upon a mining location was a possession founded upon no right as against the government because of the nonmineral character of the land. Appellant's possession was subject to termination by the government at any time, and was terminable as to the portion of the mining claim described in the permit issued to the appellee on

the tenth day of December, 1913.  The appellant attacks the
judgment of the Secretary of the Interior denying the right
of Cameron to continue in possession or exploration of the
claims rejected and locations canceled, and the order expressly
declaring that the land covered by such canceled locations
is a part of the Grand Canyon national monument.

In answer to all of the appellant's arguments put forth
upon every feature of this contention, it is sufficient to say
that, at the time the appellant initiated his location, and at
the time he applied for a patent, the land located and applied
for was not in character land subject to be disposed of under
the mining laws.  From the beginning it was of the charac-
ter of land subject to be set aside and included in a national
monument, and did not lose such character by having been
covered by appellant's mineral location, and having been in
the actual possession of the claimant claiming by right of
such void location.  We may concede that the land depart-
ment has no jurisdiction to cancel a mining location, yet the
effect is the same where the land department decides that the
land embraced within the boundaries of a mining location was
as a fact nonmineral in character, and therefore not subject
to location under the mining laws.  Where such decision be-
comes final, certainly the claimant can assert no rights de-
pendent thereon, and while the evidences of location are not
physically brought before the department and canceled, the
decision is efficient and sufficient to extinguish absolutely, and
forever, all force and effect said location presumably ever
had, and to destroy such location and all evidence thereof for
any purpose.

Any attempt on the part of the claimant to thereafter as-
sert any right based upon said location, so decided invalid,
is a collateral attack upon the decision and without effect.
Hence the appellant has failed to show any right to the pos-
session of the land here in question superior to the appellee's
right.  No right at all which the courts can regard as a right
to possession has been shown by the plaintiff.

True, the plaintiff offered in evidence a judgment of the
district court of the fourth judicial district of the territory
of Arizona, in and for the county of Coconino, rendered in
an action entitled Ralph H. Cameron against Grand Canyon
Railroad Co., wherein language appears purporting to ad-
judge plaintiff the owner of the Cape Horn lode claim, and

all thereof, except that portion claimed by the railroad company as a right of way. The court in that case was not called upon to determine the mineral character of the land within the mineral location, and did not determine that question. The court found as a fact that the railroad acquired its rights to the land in conflict with the location of Cameron at a time prior in date to Cameron's location, and hence acquired a prior right. The judgment would have been the same in effect if the court should have found as a fact that the location of the mining claim was absolutely void. That portion of the judgment purporting to quiet Cameron's title in and to the balance of the mining claim not covered by the railroad's right of way was clearly beyond the issues involved. However, the government was not a party to that action, and was not bound by the broad decision rendered, if rendered with jurisdiction of the subject matter.

The order of the trial court is without reversible error, and should be affirmed.

FRANKLIN, C. J., and ROSS, J., concur.