[Civil No. 2397.  Filed January 27, 1926.]

[242 Pac. 1005.]

ROBERT N. STAPLEY and THE MARYLAND
    CASUALTY COMPANY, a Corporation, Ap-
    pellants, v. LIZZIE STAPLEY, Administratrix
    of the Estate of HUGH BLISS STAPLEY, De-
    ceased, Appellee.

1. EXECUTORS AND ADMINISTRATORS—ADMINISTRATOR, APPOINTED AFTER
    ORDER APPROVING FINAL ACCOUNT OF FORMER ADMINISTRATOR, MAY
    BRING ACTION FOR DAMAGES FOR BREACH OF DUTY AGAINST FOR-
    MER ADMINISTRATOR.—Under Civil Code of 1913, paragraph 971,
    suit by administrator, appointed after approval of final account
    of former administrator, real purpose of which is to recover
    damages for breach of duty of former administrator, *held* war-
    ranted.

2. PLEADING—PLAINTIFF IS NOT CONCLUDED BY FAILURE TO DENY NEW
    MATTER SET UP IN ANSWER.—Under Civil Code of 1913, para-
    graph 424, when new matter in answer sets up special defense
    of *res judicata* or estoppel, plaintiff is not concluded by failure
    to deny it, though better practice is to reply to new matter.

3. Executors and Administrators—Order, Approving Final Ac-
   count of Administrator, cannot be Attacked Collaterally,
   Unless Made Without Jurisdiction or Obtained by Fraud.—
   Unless order approving final account of administrator was made
   without jurisdiction or obtained by fraud, it cannot be attacked
   collaterally.

4. Executors and Administrators—Evidence Held Insufficient to
   Show Partnership Relation of Former Administrator to In-
   testate was Fraudulently Concealed.—Evidence *held* insuffi-
   cient to support allegation that partnership relationship of de-
   fendant to intestate, which would prohibit him from acting as
   administrator, under Civil Code of 1913, paragraph 787, was
   fraudulently concealed.

5. Partnership—Survivor Entitled to Continue in Possession
   and Settle Business—Duty of Survivor Acting as Adminis-
   trator Entirely Different and Distinct from Duties as
   Surviving Partner.—Under Civil Code of 1913, paragraph 970,
   surviving partner is entitled to continue in possession of partner-
   ship and settle its business, and must account to administrator;
   however, if such partner acts as administrator, his duties as such
   are entirely different and distinct from duties as surviving
   partner.

6. Executors and Administrators—Bondsman is not Liable for
   Failure of Administrator to Properly Execute Duty When
   Acting in Individual Capacity.—A bondsman guarantees that
   an administrator will faithfully execute the duty of trust ac-
   cording to law, and he cannot be held liable for failure of ad-
   ministrator when acting in his individual and not his official
   capacity.

7. Executors and Administrators—Allegations as to Failure of
   Administrator to Settle Up Partnership Business Held Not
   to Set Up Any Breach of Duty on Part of Administrator.—
   Allegations in complaint, by administrator, relative to failure
   of former administrator to settle partnership business between
   himself and deceased and account for intestate's interest, *held*
   not to set up any breach of duty on part of defendant, as ad-
   ministrator; administrator being under no obligation to settle up
   partnership affairs.

8. Executors and Administrators—Surety not Liable for Conver-
   sion of Insurance Money Entrusted to Administrator.—Surety
   for administrator is not liable for conversion of insurance money,
   personal property of deceased widow entrusted to administrator;
   liability being personal one on behalf of administrator.

---

3.  See 11 R. C. L. 184, 188.
6.  See 11 R. C. L. 304.

9. EXECUTORS AND ADMINISTRATORS—BONDSMAN LIABLE FOR FRAUDU-
LENT FAILURE OF ADMINISTRATOR TO INCLUDE IN INVENTORY LANDS
HELD IN TRUST BY HIM.—Failure of administrator to inventory as
assets certain lands held in trust by him belonging in part to
estate, if fraudulent, will sustain an action by administrator ap-
pointed after approval of his final account, and surety is liable
for loss to estate.

10. EXECUTORS AND ADMINISTRATORS—ALLEGATION THAT NO CLAIMS
WERE FILED OR PROVED, AND NO PROPER RECEIPTS OR VOUCHERS
PRODUCED, HELD NOT PROPER ALLEGATION OF FRAUD.—Allegation
that no claims were filed or proved against estate, and no receipts
or vouchers produced, *held* not sufficient allegation of fraud of
administrator, since Supreme Court will presume from fact that
account was allowed that court was satisfied with omission of
formal claims and vouchers and approved claims as authorized
under Civil Code of 1913, paragraphs 883, 1006.

11. EXECUTORS AND ADMINISTRATORS—JUDGMENT AGAINST ADMINIS-
TRATOR AND SURETY, BASED PARTLY ON ACTS FOR WHICH BONDS-
MAN COULD NOT BE LIABLE, MUST BE REVERSED.—Where complaint
against former administrator and surety by administrator ap-
pointed after approval of final account sufficiently alleges fraud,
but, where judgment is based partly on acts for which surety
cannot be held liable, judgment must be reversed.

See (1) 24 C. J., p. 1095, n. 74. (2) 31 Cyc., p. 242, n. 56. (3) 24
C. J., p. 1031, n. 12. (4) 24 C. J., p. 1105, n. 74. (5) 24 C. J.,
p. 62, n. 99; 30 Cyc., p. 621, n. 30; p. 631, n. 20 New; p. 632, n. 26.
(6, 7) 24 C. J., p. 1066, n. 31; p. 1067, n. 49; p. 1068, n. 50, 52;
p. 1099, n. 52. (8) 24 C. J., p. 1066, n. 31. (9) 24 C. J., p. 1067,
n. 48. (10) 24 C. J., p. 1099, n. 52. (11) 24 C. J., p. 1107, n. 20
New.

APPEAL from a judgment of the Superior Court
of the County of Maricopa. E. Elmo Bollinger,
Judge. Judgment reversed and cause remanded for
new trial.

Messrs. Silverthorn & Van Spanckeren, for Ap-
pellants.

Messrs. Dougherty & Dougherty, for Appellee.

LOCKWOOD, J.—Robert N. Stapley, hereinafter
called defendant, was engaged in the sheet-metal,

plumbing and bicycle business in Mesa, Arizona. His brother, Hugh Bliss Stapley, hereinafter called intestate, worked therein for defendant for some time, and, in 1911, entered into a partnership with the latter, under the name of "R. N. Stapley & Brother," of which defendant owned a three-fourths and intestate a one-fourth interest. June 10th, 1919, intestate died, leaving surviving him his wife, Lizzie Stapley, hereinafter called plaintiff, and several minor children. Plaintiff filed a petition in the probate court of Maricopa county setting up that intestate had left an estate consisting of real and personal property, and an interest in the plumbing business of R. N. Stapley & Brother, requesting that defendant be appointed as administrator of the estate, and waiving her own right of administration. The appointment was duly made and a statutory administrator's bond, with the Maryland Casualty Company, a corporation, as surety thereon, filed. About a year later the administrator filed an inventory and thereafter a final account and report, charging himself with the sum of $504 as the sole cash receipts on account of the estate, which he claimed was used to pay the expenses of administration of the estate, and part of a certain $1,000 note owed by intestate to one Mrs. Arthur Price. He also alleged that other money had been furnished not belonging to the estate which paid the balance of the note and the expenses of the administration, and that the only property remaining for distribution was certain real estate described in the inventory, a little personal property, and "a one-fourth interest in the sheet-metal business of R. N. Stapley & Brother, of Mesa, Arizona, which interest amounts to approximately $830." This final account was duly approved and on July 12th, 1920, a decree of distribution entered in accordance therewith.

On October 1st, 1921, plaintiff petitioned that she be appointed as administratrix of the estate of intestate, which petition was granted. Thereafter, and on the tenth day of April, 1922, plaintiff commenced this action in the superior court of Maricopa county against defendant, as administrator, and against the Maryland Casualty Company, as his bondsman, in which she set up the foregoing facts. She then alleged that the partnership relation existing between defendant and intestate had been concealed from the court; that defendant had not closed up and settled the affairs of the partnership as required by law, but had continued to operate it under a different name without accounting to the estate in any manner therefor; that there was certain other real estate consisting of land in Maricopa county, and four lots in the Le Baron addition to Mesa in which intestate owned an undivided one-fourth interest; that, at the time of intestate's death, there was certain life insurance in the favor of plaintiff, which she had paid over to defendant on his representation that it was an asset of the estate, for which he had made no accounting; and that he had produced no checks, receipts or vouchers for any accounts paid by him as administrator. She further set up that the Maryland Casualty Company had executed a bond for defendant, as administrator above, and asked that the final account above referred to be set aside; that a receiver be appointed to take over the partnership business, and close the same; that defendant be required to account as administrator and also pay to plaintiff the rents, profits and proceeds of the partnership business from the death of intestate, and for general relief, praying judgment against both defendant and the corporation.

The defendants filed a general demurrer, and a special demurrer to the effect that the suit was a

collateral attack upon the order approving the final account and distributing the property of the estate. They further answered, admitting the general allegations of the complaint, in so far as they set up the facts down to the appointment of defendant Stapley, as administrator, but denied any concealment from the court as to the facts of the copartnership; alleged that it was not closed because plaintiff requested that it be continued, and that defendant Stapley had fully accounted to her for her interest in the partnership; denied any interest of intestate in the farm land referred to, and alleged a full accounting to intestate and plaintiff for the proceeds of the lots in the Le Baron addition; admitted the receipt of the insurance money belonging to plaintiff, but alleged that it was paid wholly at her instance and request, and that it had been fully accounted for; and denied all other alleged frauds set up in the complaint. As an affirmative defense they set up the order approving the final account and order of distribution in pursuance thereof, and alleged further that plaintiff in the probate court had set up by petition that "fraud had been practiced upon the plaintiff and upon the court by said administrator, and prayed that the decree of distribution entered in said cause be vacated and set aside upon the ground of fraud," and that the court in said cause, after full hearing upon said motion, denied said motion and refused to vacate and set aside said decree of distribution, and that it had been ever since the entry thereof and was still in full force and effect, and closed with a general denial of all matters not expressly admitted. No reply was filed.

The demurrers were overruled and the case tried before the court sitting without a jury. Evidence was duly taken and the matter submitted for decision, and the court later entered judgment setting aside the

order approving the final account and report made by defendant Stapley aforesaid, and rendered judgment against both defendants in the sum of $2,286.21; adjudged intestate to have been the owner of an undivided one-fourth interest in the farm land aforesaid; appointed a receiver to take charge of the partnership business and dispose of it, with orders to apply one-fourth of the proceeds on the satisfaction of the judgment, and that execution should issue against both defendants for any remaining deficiency. Motion for new trial was duly made and denied, and the Maryland Casualty Company appealed.

There are some twelve assignments of errors which we will consider according to the legal issues raised thereby. The first three are based upon the proposition that, since it is admitted there had been a final account approved and a decree of distribution of the estate entered, an administrator *de bonis non,* which it is claimed plaintiff was in effect, cannot maintain an action to recover property distributed by the decree, nor can he require an accounting from a former administrator. It is true that under the common law it has been held that such an administrator could maintain no suit to recover for conversion by his predecessor of any of the assets already administered upon, or to set aside a final account which had been duly approved; the right of action being in the heirs or distributees. *Stubblefield* v. *McRaven,* 5 Smedes & M. (Miss.) 130, 43 Am. Dec. 502.

We think, however, that since, under our statute, an administrator is given the right to maintain actions on the bond of a former administrator for the use and benefit of all parties interested in the estate, a suit of this kind is warranted. Its real purpose is to recover damages for a breach of duty as administrator from defendant and his surety. Incidentally it may be necessary to have an accounting and re-

ceivership, but this does not affect the general nature of the suit. *Foster* v. *Wise,* 46 Ohio St. 20, 15 Am. St. Rep. 542, 16 N. E. 687; section 971, Rev. Stats. Ariz. 1913, Civ. Code. The first three assignments of error are without merit.

The fifth and sixth assignments of error raise the point that, since the answer sets up a defense of *res adjudicata* and the facts alleged in support thereof are not denied by plaintiff, under the ruling in *Cameron* v. *Bass,* 19 Ariz. 246, 168 Pac. 645, they are deemed admitted as true. The facts as set up by the answer, if true, do sustain the defense of *res adjudicata,* and in *Cameron* v. *Bass, supra,* we said:

"Of course, the matter of estoppel introduced into the case by the defendant's answer is new matter requiring a reply as such, else the facts well pleaded, setting up such new matter, are deemed admitted as true."

While we are decidedly of the opinion it is the better practice to reply to new matter, yet paragraph 424, Revised Statutes of Arizona of 1913, Civil Code, expressly says:

"It shall not be necessary for the plaintiff to deny any special matter of defense pleaded by the defendant, but the same shall be regarded as denied unless expressly admitted; but when the answer contains new matter the plaintiff may reply thereto, specifically denying each allegation controverted by him; and he may also allege, in ordinary and concise language, any new matter not inconsistent with the complaint constituting an answer to such new matter in the answer."

In view of this we think our statement above quoted in *Cameron* v. *Bass* goes too far, and that when the new matter sets up a special defense, as *res adjudicata,* or estoppel, plaintiff is not concluded by a failure to deny it.

The fourth assignment of error raised the point that the present cause is a collateral attack upon a final decree of a court of competent jurisdiction where no fraud or lack of jurisdiction is shown. It is elementary, of course, that, unless it appear that the order approving the final account of the administrator was made without jurisdiction or obtained by fraud, it cannot be attacked collaterally. Church on Probate, 2d ed., p. 1854; *In re Ostlund's Estate,* 57 Wash. 359, 135 Am. St. Rep. 990, 106 Pac. 1116. We must therefore resort, first, to the complaint to see whether there are allegations of fraud sufficient to sustain the action, and, second, to the evidence to determine if there is anything in the testimony supporting the allegations.

There are several allegations in the complaint, which, it is claimed, by plaintiff, set up fraud sufficiently to sustain this action, and are supported by the evidence. We will examine each of them to determine if this be true. The first is that it was concealed from the court that defendant was a partner of intestate, and therefore, by the provisions of paragraph 787, Revised Statutes of Arizona of 1913, Civil Code, not entitled to administer upon the estate. The record contains no positive evidence upon this point. It does appear, however, that plaintiff requested the appointment of defendant as administrator; that she knew he was a partner of her deceased husband; and that the original petition for letters set up as one of the assets of the estate "an interest in the plumbing business of R. N. Stapley & Brother, of Mesa, Arizona." We do not think, under the circumstances, there is enough evidence to support the allegation that the relationship of defendant to intestate was fraudulently concealed, though it may not have been specifically called to the court's attention.

There are a number of allegations which go to the effect that defendant had never properly accounted for the interest of intestate in the partnership business. In this connection it is well to call to mind what has been apparently overlooked by plaintiff. Under paragraph 970, Revised Statutes of Arizona of 1913, Civil Code, a surviving partner is entitled as of right to continue in possession of the partnership, and to settle its business. He must, however, account to the administrator and pay over such balances as may from time to time be due to the estate. It is for this reason the law prohibits the appointment of a surviving partner as administrator of an estate, as his interest as a joint owner in the business may conflict with his duties as administrator. It is nevertheless true, however, that, if such partner does act as administrator, his duties as such are entirely different and distinct from his duties as surviving partner. This might not be very material if only his personal liability were concerned, but the distinction is highly material when the liability of a surety on his administrator's bond is in question.

A bondsman guarantees that the administrator will "faithfully execute the duties of the trust according to law," and cannot be held liable for the failure of the administrator, when acting in his individual and not his official capacity, to fulfill a duty imposed upon him in some other capacity than that of administrator. The administrator, as such, was under no obligation to settle up the partnership affairs; in fact, was prohibited from so doing. His only duty in connection with the business was to *demand* an accounting and settlement and not to *give* one. Had the complaint set up a fraudulent dereliction of duty in this respect, the allegation would have been sufficient as against the administrator and his surety, but it sets up only a breach of trust as *partner* and not of duty as *ad-*

*ministrator.* We therefore conclude that the allegations in regard to failure to settle the partnership business and account for intestate's interest therein do not set up any breach of duty on the part of defendant, as administrator.

The next allegation is that defendant represented to plaintiff that certain sums of insurance money which belonged to her personally were in fact an asset of the estate, and that, relying on such representation, she paid over to him such money, for which he has failed to account. There is no doubt that such conduct on the part of defendant, if true, was highly reprehensible, and that he would be liable to plaintiff therefor in the proper kind of action; but is this proceeding the correct one? The fund in question was not, and could not be, an asset of the estate. The estate was in no manner prejudiced by the alleged conduct of defendant in regard to the insurance money, nor would it be benefited by a recovery thereof in this or any other action. The money was the personal property of plaintiff under any and all circumstances. Defendant, as administrator, was under no duty and had no authority to collect the same, and therefore a surety, who was responsible only for a failure to execute the duties of an administrator, would not be liable for conversion of the funds in question. The liability was a personal one on behalf of defendant, as in any other case of conversion of funds not belonging to the estate.

The next claim is that the administrator failed to include as part of the assets certain lands which were held in trust by him, and which in truth and in fact belonged in part to the estate. This, if true, was a direct breach of defendant's duty. It is the duty of an administrator to inventory all the assets which have come to his possession or knowledge, and, if such

29 Ariz.—32

failure is fraudulent, it will sustain an action of this nature, and the bondsman will be liable for any loss to the estate thereby.

The final allegations are that no claims were filed, allowed or approved against the estate, and no proper checks, receipts or vouchers produced by the administrator. We do not think that this is a proper allegation of fraud, entitling the parties to have an account reopened. These facts, if true, must have appeared to the court at the time the account was presented, and, notwithstanding, it was approved. Under paragraph 883, Revised Statutes of Arizona of 1913, Civil Code, the court is authorized to approve the payment of claims made without the formal proof, in case it is satisfied in regard thereto, and under paragraph 1006, Id., if, for any good reason, a voucher is not produced, the court may allow the item upon proper evidence. We must presume from the fact that the account was allowed that the court was satisfied with the omission of formal claims and vouchers, and it is not alleged that any fraud was intended or damage resulted to the estate by the omissions.

This concludes the various allegations of fraud. To sum up on this point, the complaint does sufficiently allege fraud in a failure to include certain lands or the proceeds thereof in the inventory, and there is evidence in the record sustaining this allegation, in part at least. Since, however, the judgment against appellant is based partly on the alleged fraudulent failure to account for insurance money, for which it could in no manner become liable, and partly on a failure of defendant as surviving partner to settle the business and account therefor, instead of a failure as administrator to compel an accounting under paragraph 970, Revised Statutes of Arizona of 1913, Civil Code, it must be reversed.

It it not necessary to discuss the other alleged errors, as it is presumed, if any occurred, they will be avoided at a new trial.

Judgment is reversed and the cause remanded for a new trial in accordance with the views expressed herein to the superior court of Maricopa county.

McALISTER, C. J., and ROSS, J., concur.