406 P.2d 740

### The TUCSON GAS, ELECTRIC LIGHT AND POWER COMPANY, a corporation, Appellant,

### v.

### TRICO ELECTRIC COOPERATIVE, INC., a corporation, Appellee.*

### No. 2 CA–CIV 23.

Court of Appeals of Arizona.
Oct. 19, 1965.
Rehearing Denied Jan. 31, 1966.
Review Denied March 8, 1966.

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's No. 7512. The matter was referred to this Court pursuant to § 12–120.23 A.R.S.

Holesapple, Conner, Jones, McFall & Johnson, Tucson, and Jennings, Strouss, Salmon & Trask, Phoenix, for appellant.

Norman S. Hull, Tucson, for appellee.

GORDON FARLEY, Superior Court Judge.

Trico Electric Cooperative, Inc., filed this action to enjoin The Tucson Gas, Electric Light and Power Company from extending its lines to serve nine missile sites in rural areas of Pima County and one in Pinal County. A preliminary injunction was granted by the trial court after three days of hearing. Findings of fact were made and conclusions of law stated, defendant-appellant's answer was filed and some six months later final judgment was entered permanently enjoining defendant-appellant, The Tucson Gas, Electric Light and Power Company upon the granting of plaintiff-appellee's motion for summary judgment.

The Tucson Gas, Electric Light and Power Company appealed on several grounds, which may be succinctly stated as follows:

1. The trial court did not have primary jurisdiction of the matter in controversy, but such jurisdiction was vested in the corporation commission.

2. Summary judgment should not have been granted on the record established by the hearing for a temporary injunction.

3 and 4. Issues of fact remained to be resolved in a trial on the merits, which would entitle plaintiff-appellee to judgment.

5. Section 40–281, subsec. B of the Arizona Revised Statutes permitted The Tucson Gas, Electric Light and Power Company to extend its lines into the disputed area.

6. Trico Electric Cooperative, Inc., was not certificated to serve the public generally, but only its members.

7. The granting of the injunction prevented the corporation commission from deciding on the right of The Tucson Gas, Electric Light and Power Company to extend its lines into the disputed area.

8. The court should have granted defendant-appellant's request for a stay of proceedings to permit the corporation commission to rule on pending applications by the parties involving the area in question.

Insofar as The Tucson Gas, Electric Light and Power Company's first position is concerned, i. e., that the corporation commission has primary jurisdiction and that a complaining public service corporation must first exhaust administrative remedies before that body antecedent to seeking injunctive relief, it would seem that the cases of Pacific Greyhound Lines v. Sun Valley Bus Lines, Inc., 70 Ariz. 65, 216 P.2d 404, (1950), and Tucson Rapid Transit Company v. Old Pueblo Transit Company, 79 Ariz. 327, 289 P.2d 406, (1955), are controlling and adverse to that contention. The Tucson Gas, Electric Light and Power Company seeks to avoid the effect of those holdings on the basis that they pertained to carriers and had no application to power line extensions under A.R.S. § 40–281, subsec. B, which is as follows:

"B. This section shall not require such corporation to secure such a certificate for an extension within a city,

county or town within which it has theretofore lawfully commenced operations, or for an extension into territory either within or without a city, county or town, contiguous to its street railroad or line, plant or system, and not theretofore served by a public service corporation of like character, or for an extension within or to territory already served by it, necessary in the ordinary course of its business. If a public service corporation, in constructing or extending its line, plant or system, interferes or is about to interfere with the operation of the line, plant or system of any other public service corporation already constructed, the commission, on complaint of the corporation claiming to be injuriously affected, may, after hearing, make an order and prescribe terms and conditions for the location of lines, plants or systems affected as it deems just and reasonable."

■ While that section permits a public service corporation to make extension within the area served by it or contiguous thereto, without procuring an additional certificate, it does not contemplate that a public service corporation has carte blanche authority to make such extensions as, in the sole judgment of such public service corporation, it deems within the confines of its territory. . Where, as in this instance, it seeks to extend its lines into an area presumably certificated to another public service corporation, caution should compel it to apply to the corporation commission for a delineation of its area before undertaking such extension.

■ Nor does A.R.S. § 40–281, subsec. B, vest exclusive primary jurisdiction in the corporation commission, to the exclusion of the court's inherent jurisdiction to enjoin an illegal act. That section provides that the corporation commission, on complaint of the corporation injuriously affected, *may* make an order and prescribe the terms and conditions for the location of lines. Such language is a far

cry from that necessary to vest *exclusive primary* jurisdiction in the corporation commission, to the exclusion of the court's power to grant injunctive relief, when, as contended by Trico Electric Cooperative Inc., there is an invasion by one public service corporation of the certificated area of another public service corporation. Such a construction would be like (to use a mixed metaphor attributable to the late Samuel Goldwyn) "closing the barn door after all the harm has been done."

■ The Tucson Gas, Electric Light and Power Company's next three contentions are of a related nature and turn upon the question of the right of the trial court to enter summary judgment. The objection is raised that there remained, after the hearing on the preliminary injunction, many issues that could be resolved only by a trial on the merits. While ordinarily judgment may not be entered solely on the evidence adduced at the hearing for preliminary injunction, in the absence of a stipulation to that effect, there is no authority nor reason which prevents the trial court, in determining a motion for summary judgment based upon such evidence, the findings of fact and admissions of record, from considering whether any material issues of fact do remain to be resolved.

■ An examination of the enumeration of issues which The Tucson Gas, Electric Light and Power Company urges remain to be decided at a trial on the merits, reveals that either they

(1) must necessarily have been determined adversely to Tucson Gas, Electric Light and Power Company at the hearing on the preliminary injunction and are of such a nature that no additional evidence could alter the adverse findings; or

(2) were heretofore resolved by the Supreme Court of Arizona in the cases of Trico Electric Cooperative, Inc. v. Corporation Commission, 86 Ariz. 27, 339 P.2d 1046, (1959), and Application of Trico Electric Cooperative, Inc. (Corona De Tucson, Inc.

v. Senner), 92 Ariz. 373, 377 P.2d 309, (1962); or

(3) were not disputed by plaintiff or material to a final disposition of the question of plaintiff's right to a permanent injunction.

Under the circumstances, the trial court was correct in granting the motion for summary judgment.

█ The Tucson Gas, Electric Light and Power Company's 5th and 6th contentions have been answered by the comments heretofore made with reference to its first contention and require no further elaboration, except to say that one public service company may not invade an area duly certificated to another public service company, even though the latter is a membership or cooperative company, until there has been a finding by the corporation commission that the public convenience and necessity would be served thereby because such certificated utility has failed to render satisfactory and adequate service at reasonable rates. Application of Trico Electric Cooperative, Inc. (Corona De Tucson, Inc. v. Senner), 92 Ariz. 373, 377 P.2d 309, (1962).

█ The Tucson Gas, Electric Light and Power Company next contends that the language of the trial court, in granting a permanent injunction enjoining it from serving the areas where the missile sites are situated, had the effect of preventing the corporation commission from deciding whether, under a proper application to it, the public convenience and necessity would be served by an extension of The Tucson Gas, Electric Light and Power Company's lines into the area. It has heretofore been pointed out that The Tucson Gas, Electric Light and Power Company's sole reliance on A.R.S. § 40–281, subsec. B and its so-called "grandfather rights" for authority to service the missile sites amounted to an invasion of the certificate of Trico Electric Cooperative, Inc. and could properly be enjoined;

but the effect of a permanent injunction to prevent such an invasion should not be construed as simultaneously limiting the corporation commission from considering a proper application by Tucson Gas, Electric Light and Power Company for line extensions for service to potential consumers not being served by Trico Electric Cooperative, Inc.

█ The preferable practice perhaps would have been for the trial court to have granted the request of Tucson Gas, Electric Light and Power Company for a recital in the judgment that it was not intended to enjoin any future action of the corporation commission, but inasmuch as the corporation commission was not a party to the action, it cannot be said that the denial of the request of The Tucson Gas, Electric Light and Power Company in that respect was fundamental error.

█ Finally, The Tucson Gas, Electric Light and Power Company claims error on the part of the lower court because it refused to stay all proceedings in this action until a determination of the applications of both parties by the corporation commission. The applications were filed subsequent to the initiation of this litigation and under such circumstances the trial court was entitled, in its discretion, to treat the parties as it found them when the action was filed. Its action in that regard was neither arbitrary nor capricious, but a proper exercise of its judicial discretion.

For the foregoing reasons, the judgment is affirmed.

KRUCKER, C. J., and HATHAWAY, J., concurring.

NOTE: Judge JOHN F. MOLLOY, having requested that he be relieved from consideration of this matter, Judge GORDON FARLEY was called to sit in his stead and participate in the determination of this decision.