626 P.2d 1115

The STATE of Arizona ex rel. Bruce E. BABBITT, the Attorney General, Plaintiff-Appellee,

v.

The GOODYEAR TIRE & RUBBER COMPANY, an Ohio Corporation doing business in Arizona, Defendant-Appellant.

No. 1 CA–CIV 4747.

Court of Appeals of Arizona, Division 1, Department A.

Feb. 17, 1981.

Rehearing Denied March 30, 1981.

Review Denied April 21, 1981.

Robert K. Corbin, Atty. Gen. by Patrick M. Murphy, Chief Counsel, Financial Fraud Div., John C. Dutton, Jr., Asst. Attys. Gen., Phoenix, for plaintiff-appellee.

Snell & Wilmer by Daniel J. McAuliffe, Barry D. Halpern, Phoenix, for defendant-appellant.

## OPINION

FROEB, Judge.

The State of Arizona brought this action against Goodyear Tire & Rubber Company alleging that certain Goodyear advertising practices constituted violations of the Arizona Consumer Fraud Act, specifically A.R.S. § 44–1522. The superior court granted a motion for summary judgment filed by the State and enjoined Goodyear from further engaging in the advertising practices in question. Goodyear appeals from that ruling.

In early 1976, Goodyear used certain tire advertising that prompted the State's complaint. The first was a practice known as "variable FET advertising." A typical ad-

vertisement of this type would describe a variety of tires offered for sale and set forth the price for each. Within each advertisement there was a statement informing the prospective purchaser that a federal excise tax (FET) would be added to the price of the tire, that the amount of the FET would depend on the size of the tire, and that the precise amount of the FET would fall within the stated range. The second advertising practice in question concerned Goodyear's use of the term "ply rating" in its advertisements of truck tires without some form of qualification or explanation of the term.

Upon notice that the State was going to institute legal action, Goodyear requested that it forebear from litigation pending a Federal Trade Commission (FTC) determination of the practice. The State rejected that request and brought this suit. Goodyear then voluntarily discontinued both advertising practices.

The State's complaint seeking injunctive relief alleged that both of the practices in question constituted violations of A.R.S. § 44–1522(A), which reads as follows:

The act, use, or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice.

In its motion for summary judgment, the State relied upon the advertisements themselves and upon FTC guidelines which stated that "the tax should be included in the price ... or set out in immediate conjunction with the tire price." 16 C.F.R. § 228.-15(g). The trial court granted the judgment and ordered Goodyear to desist from the advertising practices.

On appeal Goodyear raises three issues: 1) Whether the advertisements violate the Consumer Fraud Act as a matter of law in the absence of evidence that the practices are in fact deceptive; 2) whether intent must be shown for a violation of A.R.S. § 44–1522; and 3) whether an injunction was properly ordered when Goodyear had already ceased the advertising practices voluntarily.

In order for a moving party to be entitled to summary judgment, it must be shown that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Arizona Rule of Civil Procedure 56(c). Goodyear contends that no evidence was presented establishing whether variable FET advertising was deceptive or had the capacity to deceive and, in the absence of such evidence, the State was not entitled to judgment as a matter of law.

Considering first the variable FET, the State, and apparently the trial court, placed great weight upon guidelines issued by the FTC. The reason for this reliance results from A.R.S. § 44–1522(B) which provides: "It is the intent of the legislature that, in construing the provisions of subsection A of this section, that the courts may use as a guide interpretations given by the FTC and the federal courts ...." One of those guidelines is 16 C.F.R. § 228.15(g) which states:

*Federal Excise Tax.* Since the Federal Excise Tax on tires is assessed on the manufacturer and is based upon the weight of the materials used and not the retail selling price, the tax should be included in the price quoted for a particular tire, or the amount of the tax set out in immediate conjunction with the tire price. For example, assuming the tax on a particular tire to be $1 and the advertised selling price $9.95, the price should be stated as "$10.95" or "$9.95 plus $1 Federal Excise Tax and not "$9.95 plus Federal Excise Tax."

Initially, we note that the guideline in 16 C.F.R. § 228.15(g) is just that, a guideline. Moreover, A.R.S. § 44–1522(B) states that FTC interpretations *may* be used as a guide. The specific question involved here is whether the advertisement on its face

violates A.R.S. § 44–1522; that is, does the advertisement employ a "deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact?" Since there is no dispute concerning facts at this stage of the case, the question is one of law for the court. The State argues that deception is present because the reader may think that the tire costs less than it actually does, basing this on the point that the exact FET is not given and that the range of FET is vague and in small print. While this may be true, after reviewing the advertisement in question, we find nothing in it which reasonably is encompassed by the outlawed practices mentioned in A.R.S. § 44–1522. Since the advertisement does not, in our opinion, violate A.R.S. § 44–1522, the trial court incorrectly granted summary judgment enjoining its use.

■ The same rationale applies to the truck tire advertisements dealing with "ply rating." The issue here was whether consumers were deceived when the term "ply rating" was used. The State argues that the term as used in the industry is an index of tire strength and that the consumer may believe that the phrase reflects the tire's structural content or durability. That argument, however, is a factual one and whether consumers would be deceived is a factual question. Since there is no evidence as to this, the question presented in the motion for summary judgment was whether the advertisement violates A.R.S. § 44–1522 as a matter of law. We find that it did not and the trial court erred in so holding.

■ The next argument raised by Goodyear is that (1) A.R.S. § 44–1522 requires an intent to deceive and (2) the State has failed to show such an intent. In light of the purpose of the Consumer Fraud Act, which is to protect the public from deceptive acts, we hold that the only showing of intent required by A.R.S. § 44–1522 is an intent to do the act involved. It is not necessary to show a specific intent to deceive.[1] In the context of advertising, once it has been shown that the act complained of is encompassed by A.R.S. § 44–1522, a prima facie showing of the intent to do the act is made by the placing of the advertisement. Thus, in the present case, the required showing has been made by the submission of the advertisements in question, although, as earlier stated, the summary judgment fails because the intended acts were not shown to be acts within the language of A.R.S. § 44–1522.

■ The final issue raised is whether an injunction was a proper remedy when Goodyear had already voluntarily ceased the practices complained of. It is apparent that voluntary cessation of the questioned practices will not automatically moot the injunctive remedy. This is especially so when the practices are discontinued subsequent, rather than prior, to commencement of the litigation. *See United States v. Oregon State Medical Society*, 343 U.S. 326, 72 S.Ct. 690, 96 L.Ed. 978 (1952). "Mootness exists in the issuance of injunctions only where events make it absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *State v. Ralph Williams' North West Chrysler Plymouth, Inc.,* 82 Wash.2d 265, 270, 510 P.2d 233, 238 (1973), *appeal dismissed,* 430 U.S. 952, 97 S.Ct. 1594, 51 L.Ed.2d 801 (1977). Thus, the trial court must look at factors which indicate proof of likelihood to engage in future violations. *See SEC v. Commonwealth Chemical Securities, Inc.,* 574 F.2d 90 (2d Cir. 1978); *State v. Ralph Williams' North West Chrysler Plymouth, Inc.* Factors which may point to the danger of future violations are past violations, the involuntary cessation of these violations, and their continuance in disregard of the law-

---

1. Within the language of A.R.S. § 44–1522 is an additional intent which must be shown when the complained of acts involve "concealment, suppression or omission of a material fact." As to these, A.R.S. § 44–1522 requires a showing "that others [relied] upon such conceal-

ment, suppression or omission, in connection with the sale or advertisement of any merchandise." It is unclear at this stage of the case whether the State is proceeding upon these specific matters.

suit. In any event, the burden of proof, as in any action for injunction, is upon the plaintiff to show a likelihood that the defendant will in the future engage in the conduct sought to be enjoined. It does not appear that the trial court considered this test in these proceedings.

Reversed and remanded.

CONTRERAS, P. J., and YALE McFATE, J. (Retired), concur.