658 P.2d 247

Robert Ledger BURTON and Claire Benson Burton, husband and wife, as joint tenants with right of survivorship; and Visionquest National, Ltd., an Arizona corporation, Plaintiffs/Appellees,

v.

Pat M. CELENTANO and Margaret E. Celentano, husband and wife, Defendants/Appellants.

No. 2 CA–CIV 4307.

Court of Appeals of Arizona, Division 2.

Dec. 2, 1982.

Linden & Chapa, by Richard S. Fields, Tucson, for plaintiffs/appellees.

Patric E. Durazzo, Tucson, for defendants/appellants.

OPINION

HATHAWAY, Judge.

This is a nuisance case involving the Floodplain Management Act, A.R.S. § 45–2341 et seq. The plaintiffs brought an action in the superior court of Pima County and simultaneously filed a petition for order to show cause requesting that a preliminary mandatory injunction issue ordering the defendants to remove a wooden wall erected on the defendants' property allegedly diverting the natural flow of Finger Rock Wash. On October 20, 1981, an order issued granting the plaintiffs' request for a preliminary mandatory injunction and the defendants were ordered to remove the wall from their property for a distance of 200 feet. The plaintiffs were ordered to post a security bond in the amount of $6,000 pursuant to Rule 65 of the Arizona Rules of Civil Procedure. This appeal followed and the defendants superseded the preliminary mandatory injunction pending appeal.

The defendants contended that they built the wall, which was constructed of railroad ties imbedded in concrete, in 1978 to prevent intermittent flows of Finger Rock Wash from encroaching upon their property

and damaging their driveway, which has been in use about 20 years. The wall is located along the northern bank of the wash, between the wash channel and the defendants' driveway. The wash occasionally flows from east to west during rainy seasons. It flows along the defendants' southern boundary, then across Sutton Lane, a county-maintained dirt road, onto the plaintiffs' field at the terminus of the wash, where a large alluvial fan spreads for several hundred feet over the plaintiffs' land.

The plaintiffs (Burtons) purchased their property in 1980 and leased it to Vision-Quest. They were aware of the action by Finger Rock Wash upon their property and of the wall constructed by the defendants.

The defendants contend that the trial court erred because the requirements for issuing a preliminary injunction were not met, namely that the plaintiffs must show that (1) there is a real threat of irreparable injury not remediable by damages; (2) the threatened harm to the plaintiffs weighs more heavily in the balance than the actual injury to the defendants; (3) the plaintiffs are likely to succeed in the trial on the merits and (4) public policy favors the injunction. *See Brennan Petroleum Products Co., Inc. v. Pasco Petroleum Co., Inc.,* 373 F.Supp. 1312 (D.Ariz.1974). It has been stated that a preliminary *mandatory* injunction is not a favored remedy, especially where it does more than simply maintain the status quo pending a trial on the merits. *See Anderson v. United States,* 612 F.2d 1112 (9th Cir.1980). Concern with the mandatory posture of an injunction, however, has been questioned in Wright & Miller, Vol. 11, § 2948, p. 449:

"... the reluctance to issue mandatory injunctions in fact does not impose any substantive restraint, since with a little ingenuity practically any mandatory injunction may be phrased in prohibitory form."

Nevertheless, appellate review is limited to whether the trial court abused its discretion although abuse of discretion is more likely to be found in the granting of an injunction

than in a denial. *See County of Cochise v. Board of Supervisors,* 7 Ariz.App. 571, 442 P.2d 129 (1968).

The plaintiffs contend that the previously enumerated criteria were met, and that additionally, the barrier is in violation of the Floodplain Management Act and the county ordinance and therefore must be enjoined. When the law is being violated, "it is the province and the duty of the court to restrain it." *Houston Compressed Steel Corp. v. State,* 456 S.W.2d 768, 773 (Tex.Civ.App. 1970). A.R.S. § 45–2343 provides:

"A. No person shall construct any structure which will divert, retard or obstruct the flow of waters in any watercourse without securing written authorization from the floodplain board in which the watercourse is located."

The defendants contend that the barrier protects the road into their property and that the following exemption provided in the statute applies:

"B. Written authorization shall not be required nor shall the floodplain board prohibit:

\*     \*     \*     \*     \*     \*

2. The construction of ... structures on banks of a creek, stream, river, wash, arroyo or other watercourse to prevent erosion or damage to adjoining land...."

■ The difficulty with defendants' position arises when the questioned structure not only serves the exempted protective function, but also acts upon the flow of waters in such a fashion as to require the written authorization specified in paragraph A. The exemption cannot be reasonably construed to confer a license to ignore the preceding paragraph simply because an exempting function may also be served. Such a statutory construction could yield absurd results—for example, by exempting a structure which afforded some protection to adjoining land, but also acted upon the flow so as to cause great damage to others. Moreover, the exemption applies to structures on "banks." The defendants' barrier is not so situated.

Here, defendants had been notified by a letter dated February 15, 1980, from Michael E. Zeller, P.E., Manager, Floodplain Management Section, as follows:

"It has come to our attention that you have erected a barrier of railroad ties and earth fill along the north boundary of Finger Rock Wash at the subject location. The effect of this barrier is to redirect the low flows away from their original course which, according to our investigation of old aerial photos and the area residents, was more to the north. Now, instead of crossing part of your property and heading northwest at an angle to Sutton Lane and then along Roger Road, the flows impinge perpendicularly onto Sutton Lane, frequently breaking the sand barrier along that road and flooding the properties and homes to the west. We would like to emphasize that we are not concerned with the *major* flows of Finger Rock Wash. Those flows would break out of the channel upstream from your barrier and not be significantly affected by it. However, the smaller flows, now being redirected by your barrier, have already aggravated drainage conditions upon the properties to the west, and will continue to do so during frequent, low-flow events.

Please be advised that the aforementioned barrier was erected in violation of Pima County's Flood Plain Management Ordinance # 1974–86, since it was done without a Flood Plain Use Permit and concentrates the lesser magnitude flood flows at a different location than existed at the time of the adoption of the ordinance.

Therefore, we must request that you remove the barrier immediately. Failure to comply with this request could result in legal actions being taken by any or all aggrieved parties in an attempt to resolve this matter. I am sure we would all like to avoid any such actions, if at all possible.

If you have any questions concerning this matter, please contact this office at 792–8247."

The contact with defendants was further confirmed by Mr. Zeller's testimony. Indeed, the requirement that defendants obtain a permit was acknowledged by defense counsel at trial. Additionally, the evidence established that the barrier diverted the flow of waters so as to damage the plaintiffs' property. A.R.S. § 45–2345 provides:

"It is unlawful for any person to divert, retard or obstruct the flow of waters in any watercourse whenever it creates a hazard to life or property without securing the written authorization required by § 45–2343."

Violation is a class 2 misdemeanor. In *Pima County v. Cardi,* 123 Ariz. 424, 600 P.2d 37 (App.1979), we held that the proscription of specific hazardous conduct in the statute governed over the general exemption. The same rule applies here.

■ Defendants' argument that the showing of irreparable injury and the balancing of hardship in plaintiffs' favor was insufficiently established, runs aground against the backdrop of the prima facie showing of defendants' violation of the floodplain act and the county floodplain ordinance. It has been held " . . . that when the acts sought to be enjoined have been declared unlawful or clearly are against the public interest, plaintiff need show neither irreparable injury nor a balance of hardship in his favor. This especially is true when a statute expressly authorizes interlocutory injunctive relief." Wright & Miller, Vol. 11, § 2948, pgs. 461–462, and cases cited therein. A.R.S. § 45–2343(C), specifically affords the plaintiffs a remedy. That section provides:

"In addition to other penalties or remedies otherwise provided by law, the state of Arizona, any political subdivision, *or any person* who may be damaged as a result of the diversion, retardation or obstruction of a watercourse shall have the right to commence, maintain and prosecute any appropriate action or pursue any remedy to enjoin, abate or otherwise prevent any person from violating or continuing to violate any provision of this section. If any person is found to be in

violation of any provision of this section, the court shall require the violator to comply with this section or remove the obstruction and restore the watercourse to its original state." (Emphasis added)

The third and fourth criteria for issuing a preliminary injunction, namely, that the plaintiffs are likely to succeed in the trial on the merits and that public policy favors an injunction, have, in our view, for the reasons previously narrated, been established. The defendants' violation of the floodplain laws demands the removal of the offending barrier. The trial court appropriately ordered its removal through the issuance of the preliminary mandatory injunction and no cause was established for delaying the proceedings for a further hearing on the merits.

Affirmed.

HOWARD, C.J., and BIRDSALL, J., concur.