660 P.2d 494

**Dan CRACCHIOLO and Joseph Cracchiolo, Plaintiffs/Appellees,**

v.

**STATE of Arizona; State Land Department of the State of Arizona; Joe T. Fallini, State Land Commissioner; Arizona State Department of Health Services; James E. Sarn, M.D., M.P.H., Director of the Department of Health Services; the City of Sierra Vista, Defendants/Appellants.**

**No. 2 CA–CIV 4435.**

Court of Appeals of Arizona, Division 2.

Feb. 3, 1983.

Lesher, Clausen & Borodkin, P.C. by Robert O. Lesher, Tucson, for plaintiffs/appellees.

Robert K. Corbin, Atty. Gen. by Russell A. Kolsrud and Charleen H. Greer, Phoenix, for defendant/appellant State of Ariz.

Ramaeker, Fauver & Till by Stuart L. Fauver, Sierra Vista, for defendant/appellant City of Sierra Vista.

## OPINION

BIRDSALL, Judge.

This appeal is from the trial court's order temporarily enjoining the appellants State of Arizona and City of Sierra Vista from going upon a certain section of land in Cochise County. The appellees Cracchiolo contend that they are entitled to a grazing lease covering the section. The section is part of the land which was given to the State of Arizona in trust for the support of the common schools by the Enabling Act passed by the U.S. Congress July 20, 1910, for the admission of Arizona (and New Mexico) into the union. The trial court simultaneously stayed its own order for the injunction.

The particular land involved here, Section 34, Twp. 21 South, Range 21 East, G & SRB & M, Arizona, has an involved recent history which is relevant here. In 1977 it was leased for grazing use to the appellees by the Arizona State Land Department.[1] The appellees also leased and owned other land in the same locale. In September 1979 the Department granted an application by the City of Sierra Vista to purchase the land. The appellees' lease had expired by the passage of time on May 31, 1979. On June 1, 1979, the appellees were given a new lease for five years but Section 34 was not

included. The certificate of purchase issued by the Department showed the sale to be for the purpose of waste water treatment facilities, disposal of waste water, as well as other governmental purposes including park and recreation uses. The city paid $960,000 for the 640 acres, the appraised value of $1,500 per acre. The city then placed water treatment facilities on the land at a cost of approximately $4,200,000. About $3,600,000 of these funds came from the EPA, as the result of a federal grant.

The appellees attacked the sale to the city in Cochise County Superior Court, Cause No. 38318. The trial court in that case entered summary judgment in favor of the Cracchiolos in which it declared the sale void. Both the state, which was a party to No. 38318, and the city, which was not, filed special actions in the Arizona Supreme Court which, in effect, affirmed the trial court. *Arizona State Land Depart. v. Superior Court, Etc.,* 129 Ariz. 521, 633 P.2d 330 (1981); *City of Sierra Vista v. Babbitt,* 129 Ariz. 524, 633 P.2d 333 (1981); *And see Gladden Farms, Inc. v. State,* 129 Ariz. 516, 633 P.2d 325 (1981). The superior court held the sale void because under the enabling act trust lands are not to be sold except at auction to the highest bidder. A.R.S. § 37–132, subd. A, paragraph 4; A.R.S. Enabling Act, Sections 1–35; A.R.S. Const. Art. 10, Sec. 1, et seq.; Art. 20, par. 12; Act June 20, 1910, Sec. 28, 36 Stat. 557. The court did hold in *Babbitt, supra,* that pursuant to A.R.S. § 37–249 the city was entitled to the return of its purchase price and to be paid for the value of the improvements.

At that point of time in the litigation the city was faced with the loss of its water treatment plant and a resulting health problem. In addition the EPA advised the city that unless it maintained an "adequate interest" in the site the federal grant could be annulled. For these reasons the Arizona Department of Health Services, on August 14, 1981, made application to the Governor, Hon. Bruce L. Babbitt, to take the lands for a sewage treatment plant for the city of

---

1. The appellees' brief contains the statement that this was the renewal of a long-standing lease. The appellants do not dispute this assertion.

Sierra Vista, an institutional taking pursuant to A.R.S. § 37–441 et seq. After approval, the Department of Health Services then leased the property to the City. That was the status of the section when the complaint in this case was filed. In that complaint the appellees sought, inter alia:

"1. That an order issue to Defendants to appear and show cause why a preliminary injunction should not issue forbidding Defendants' trespasses on Section 34, Township 21 South, Range 21 East, G&SRB&M, Cochise County; and thereafter for a final and permanent injunction.

.    .    .    .    .

4. That an order issue to Defendants to appear and show cause why a preliminary injunction should not issue forbidding the implementation of the Agreement attached hereto as Exhibit A; and thereafter for a final and permanent injunction, together with an order that the Agreement is invalid, null and void."

Exhibit A attached to the complaint was a copy of the "Inter-Governmental Sewer Operation Agreement" between the Arizona Department of Health Services and the city of Sierra Vista. In the Order to Show Cause, signed August 18, 1981, the appellants were to show why a preliminary injunction should not issue forbidding "trespass on the land ..." and "the carrying into effect and implementation in any way of" the agreement. No restraining order preceded the Order to Show Cause, and, at least before the date set for hearing, August 31, the agreements culminating in the continued operation of its treatment plant by the city were finalized.

In this appeal the state and city contend:

1) The status quo would not be preserved by the injunction,

2) The injunction attempts to enjoin an accomplished fact,

3) The record does not show a threat of irreparable harm to the appellees,

4) The appellant's injury as a result of the injunction would be greater than any injury to the appellees,

5) The appellees will probably not succeed on the merits, and

6) There is a larger public interest involved.

We agree that the trial court should not have ordered the temporary injunction and vacate that order.

The trial court made findings of fact and conclusions of law at the request of the parties. These findings and conclusions went beyond the limited issues before the court on the order to show cause. For example, conclusion 4, 5 and 6 were:

"4. There was no lawful authority for the institutional taking and the institutional lease of Section 34, and both are void.

5. The intergovernmental agreement cannot extend the lawful authority of the Arizona Department of Health Services.

6. The intergovernmental agreement has no lawful basis and is void."

If these conclusions are correct then the permanent injunctive relief sought by the appellees may be decided, and all that would remain is a trial on damages. There was no order advancing the trial of the action on the merits and consolidating it with the temporary injunction application. See Rule 65(a)(2), Rules of Civil Procedure, 16 A.R.S. Such a consolidation was discussed and the appellees wanted it but no order was made. Issues which are beyond the application for the temporary injunction should not be decided solely on the evidence at that hearing. *Tucson Gas, Elec. L. & P. Co. v. Trico Electric Coop, Inc.,* 2 Ariz.App. 105, 406 P.2d 740 (1965); *And see Paris-Phoenix Corp. v. Esper,* 112 Ariz. 320, 541 P.2d 917 (1975). Actually we do not believe the trial court though such an order had been made since the injunction is labeled "preliminary" and "shall remain in full force until further order of this court." Also the court's last conclusion of law is "the plaintiffs will probably prevail on the merits *in any final disposition of this case.*" (Emphasis added).

We have raised this procedural question sua sponte since it makes a difference in

our discussion of the issues presented by the appellants. We want only to decide the issues which are properly before us. It is one thing to discuss whether the appellees may suffer irreparable injury as the lessees of a state grazing lease but another to decide whether an institutional taking by the state department of health and a sublease to the city of Sierra Vista so they can continue to operate their water treatment plant are void.

With these matters behind us we turn to the issues raised by the appellants.

### Injunction and Stay

Although these two orders are contradictory they did serve the purpose of preserving the status quo which the temporary injunction alone would not have done. The appellants argue that if the trial judge found the stay order necessary he never should have ordered the injunction. This may be correct but we do not decide this appeal on that issue.

### Injunction of an Accomplished Fact

■ The appellants argue the institutional taking and lease to the city are accomplished facts and cannot be enjoined. *Takiguchi v. State of Arizona*, 47 Ariz. 302, 55 P.2d 802 (1936). The appellees have not directly responded to this argument. Nevertheless we do not believe this is a proper legal conclusion. A mandatory injunction can direct that an accomplished fact be undone. *See Burton v. Celentano*, 134 Ariz. 594, 658 P.2d 247 (1982), wherein we affirmed the trial judge's order that a 200′ wall be removed from Celentano's property. In the instant case, if justified by the facts and law, the trial court could order that the appellees be put in possession of Sec. 34.

### Irreparable Injury

It is principally on this issue that we find the trial court erred. Initially the appellees were required to show their right to possession of the property. The trial court made the following findings in this regard:

"6. The plaintiffs herein are the plaintiffs in Cause 36183 in this Court, and the Arizona State Land Department is a defendant therein.

7. On June 22, 1980, plaintiffs and defendant in Cause 36183 entered into a stipulation providing, among other things, that:

'In the event the appellants (plaintiffs here) are successful in securing a judgment in pending Cochise County Cause No. 38318 which invalidates the sale of Section 34 ... the State Land Department agrees to amend grazing lease No. 1629 to include the lands in Section 34 subject to the same terms and conditions contained ingrazing (sic) lease No. 1629 as provided for herein.'

8. Judgment was entered in Cause 36183 on July 1, 1980, dismissing the action 'pursuant to the terms and conditions in the stipulation of the parties.'

9. On October 5, 1981, the Honorable Mathew (sic) W. Borowiec entered an order in Cause 36183 providing, in part, that:

'It is ordered that, in the event the court in action No. 40463 makes its order voiding the said institutional taking, the State Land Commissioner shall execute a lease consistent with the provisions of the stipulation for dismissal and judgment of the parties.' "

In Cochise County Case No. 36183 the Cracchiolos challenged the reclassification of Section 32 (not 34) from grazing to commercial since their grazing lease # 1629 included that section. Case No. 38318, as we have previously discussed, was the case holding the sale to the city void. After that decision the Cracchiolos sought the lease to which they claimed they were entitled pursuant to the stipulation dismissing Case No. 36183. However, by then this case (No. 40463) had been commenced and apparently for that reason the order set out in finding No. 9 was entered. The propriety of that order is not before us. Except for the findings and conclusions in the instant case, the institutional taking has never been declared void.

From these findings coupled with the conclusion that the institutional taking and sublease were void, the court concluded that the appellees were entitled to possession of section 34. This conclusion would be correct if, but only if, the conclusion that the taking and the lease are nullities is correct. As we have discussed, those issues cannot be decided until they are finally submitted to the trial court.

Although the appellees may be entitled to possession of Section 34 as a grazing lessee at the conclusion of this case they were neither in possession nor entitled to possession when their complaint was filed. Furthermore, any right to possession would have ended upon termination of the lease in 1984. They did not own the land and could use it only for the purpose of grazing. Money damages at law constitute an adequate remedy for the loss of their grazing lease. They have suffered no irreparable damage. In *Champie v. Castle Hot Springs Co.*, 27 Ariz. 463, 233 P. 1107 (1925) the injunction was sought, not be lessees, but by the owners of the property. We find this makes a considerable difference since the Cracchiolos' interest in Section 34 terminates at a fixed time. Thus damages are more easily ascertained. They assert that the appellants are trespassers and that a trespass upon their possession of land causes irreparable damage as a matter of law. The authority cited, *Armbruster v. Stanton-Pilger Drainage District,* 169 Neb. 594, 100 N.W.2d 781 (1960), does not, however, support that proposition since the case turns on the proof of damage to the real property caused by the trespass. No such damage is shown here. Although the city did significantly change the character of the property, the change did not damage it.

The appellees do not deny that money damages would constitute an adequate remedy except for the fact that they are entitled to possession of real property. They also contend that since the alleged trespass is of a continuing nature damages at law are not adequate since they would have to pursue multiple lawsuits. One of their authorities, *Champie, supra,* is concerned, however, with permanent, not temporary injunctions. This appeal does not involve the appellees' right to a permanent injunction if they become entitled to possession. *Sports Unlimited, Inc. v. Scotch & Sirloin of Woodfield, Inc.,* 58 Ill.App.3d 579, 16 Ill.Dec. 141, 374 N.E.2d 916 (1978) is unquestionably authority for the proposition cited, i.e., that transgression of a continuing nature, of such constant and frequent recurrence that no redress can be had at law, constitutes irreparable injury. However, this proposition is meaningful only if the appellees are entitled to possession and the injunction preserves the status quo by protecting that possession. Those facts are not present here.

Summarizing, the injunction does not preserve the status quo. The appellees must first show their right to possession. *Cameron v. Bass,* 19 Ariz. 246, 168 P. 645 (1917). They have an adequate remedy, and an injunction would not be proper, *City of Glendale v. Betty,* 45 Ariz. 327, 43 P.2d 206 (1935); *Burton, supra.*

We do not consider it necessary to discuss other issues raised by the appellants. There is, however, one contention made by the appellees which we can hardly ignore. They contend that the beneficiaries of the trust lands, the schools, should be represented in the trial court. We disagree. We find that since the State of Arizona, the State Land Department of the State of Arizona and the State Land Commissioner are parties, and since they are represented by the Attorney General, this is sufficient representation of the trust beneficiaries. *See Pioneer Nat. Trust v. Pioneer Nat. Trust,* 115 Ariz. 511, 566 P.2d 312 (App. 1977). If necessary the trial court could proceed as provided in Rule 19, Arizona Rules of Civil Procedure, 16 A.R.S., to add or provide for additional parties.

We vacate the temporary injunction.

HOWARD, C.J., and HATHAWAY, J., concur.