NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

BMO HARRIS BANK, N.A.,
*Plaintiff/Appellee,*

*v.*

MORGEN THRUSTON; HOWARD THRUSTON,
*Defendants/Appellants.*

No. 1 CA-CV 13-0372
FILED 12-04-2014

---

Appeal from the Superior Court in Maricopa County
No. CV2013-003138
The Honorable Michael J. Herrod, Judge

**AFFIRMED**

---

COUNSEL

Quarles & Brady, LLP, Phoenix
By John M. O'Neal, Krystal Aspey Fleischmann
*Counsel for Plaintiff/Appellee*

Morgen Thruston and Howard Thruston, Mesa
*Defendants/Appellants*

---

## MEMORANDUM DECISION

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maurice Portley joined.

---

**O R O Z C O**, Judge:

**¶1**　　　Morgen and Howard Thruston (collectively the Thrustons) appeal from a preliminary injunction prohibiting them from damaging real property owned by BMO Harris Bank, N.A. (BMO).[1]  Finding no abuse of discretion, we affirm.

### FACTS AND PROCEDURAL BACKGROUND[2]

**¶2**　　　The Thrustons purchased real property (the Property) in Mesa and partially completed the construction of a home.  They failed to make payments due under a deed of trust, and BMO subsequently obtained title to the Property at a trustee's sale.  Despite BMO's three forcible entry and detainer actions, the Thrustons continue to occupy the Property.[3]  In its complaint, BMO alleged the Thrustons have not maintained the Property and have allowed significant deterioration to occur.

**¶3**　　　BMO also learned that the Thrustons allowed three unidentified individuals to move into the Property's unfinished guest

---

[1]　　BMO is the successor by merger of Marshall & Ilsley Bank, FSB.　For ease of reference, we refer to BMO throughout.

[2]　　Because the Thrustons fail to cite to the record in their Opening Brief in violation of Arizona Rule of Civil Appellate Procedure 13(a)(4) , we rely on our independent review of the record. *See Clemens v. Clark*, 101 Ariz. 413, 414, 420 P.2d 284, 285 (1966).

[3]　　Multiple bankruptcy filings, among other issues, thwarted previous forcible entry and detainer actions. *See BMO Harris Bank, N.A. v. Thruston*, 1 CA-CV 12-0003, 2013 WL 182732 (Ariz. App. Jan. 17, 2013) (mem. decision).

house.   BMO then posted a "demand to vacate" at the Property.   A "bulldozer/earth mover" appeared on the Property two days later.

¶4     In an effort to obtain assurances that the Thrustons would not damage the Property, BMO's attorney called Howard Thruston's cell phone and left a voice mail message.  After the Thrustons failed to respond, BMO filed an application for a temporary restraining order (TRO) without notice and a verified complaint for forcible entry and detainer (The FED action) asserting claims of trespass and property destruction and seeking injunctive relief.  *See* Arizona Revised Statutes (A.R.S.) sections 12-1171 to -1183 (West 2014).[4]  The trial court granted the temporary restraining order.

¶5     The Thrustons did not respond to the TRO or BMO's filings before the trial court's order to show cause hearing on the preliminary injunction.[5]   Howard Thruston appeared at that hearing, testified, and presented evidence.  At the close of the hearing, the trial court granted BMO a preliminary injunction, stating that "Defendants, and any other person acting on their behalf, shall be restrained from damaging the real property and improvements and structures thereon . . . ."

¶6     This timely appeal followed.  We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21.A and -2101.A.5(b) (West 2014).

## DISCUSSION

¶7     We review the grant of the preliminary injunction for abuse of discretion. *Valley Med. Specialists v. Farber*, 194 Ariz. 363, 366, ¶ 9, 982 P.2d 1277, 1280 (1999).  A party seeking a preliminary injunction must establish: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury not remediable by damages if the injunction is not granted; and (3) the balance of hardships favors the party seeking the injunction and (4) public policy favors the injunction.  *Shoen v. Shoen*, 167 Ariz. 58, 63, 804 P.2d 787, 792 (App. 1990).  As a result, "[a]n injunction may serve to undo accomplished wrongs, or to prevent future wrongs that are likely to occur." *TP Racing, L.L.L.P. v. Simms*, 232 Ariz. 489, 495, ¶ 21, 307

---

[4]     We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

[5]     The Thrustons filed their unverified answer to the FED Action after the trial court had entered its judgment.

P.3d 56, 62 (App. 2013); *see* A.R.S. § 12-1801 (West 2014). The court may apply these requirements on a "sliding scale." *Ariz. Ass'n of Providers for Persons with Disabilities v. State*, 223 Ariz. 6, 12, ¶ 12, 219 P.3d 216, 222 (App. 2009).

**¶8** The underlying facts support issuing the preliminary injunction. Injunctive relief is appropriate when evidence of possible irreparable injury to interests in real property exists "not remediable by damages." *See IB Property Holdings, LLC v. Rancho Del Mar Apartments Ltd. P'ship*, 228 Ariz. 61, 65, ¶ 10, 263 P.3d 69, 73 (App. 2011) (internal citations omitted); *see also Sun Village Farms v. Bowery Sav. Bank*, 735 F. Supp. 945, 949 (D. Ariz. 1990) (ruling that injunctive relief was appropriate when the movant stood to lose interests in real property, and that such a loss is irreparable); *cf. Financial Associates, Inc. v. Hub Properties, Inc.*, 143 Ariz. 543, 546, 694 P.2d 831, 834 (App. 1984) (affirming a denial of injunctive relief when the alleged intrusion onto real property "is of relatively short duration" and "the property will be returned to its prior condition"). The trustee's deed established that BMO owned the Property, a fact Howard Thruston confirmed at the hearing. The evidence demonstrated a threat to BMO's interest in the Property, which it was entitled to protect from irreparable harm. That evidence included notice that additional persons occupied the Property, an earth mover was parked out front, and Howard Thruston was not responding to BMO's voicemail message requesting assurances that no damage would occur.

**¶9** The Thrustons contend, however, that an injunction was unnecessary.[6] Howard Thruston introduced an affidavit from Corey Allen in which Allen stated he had parked the earth mover on the Property after doing some work for another homeowner nearby to avoid parking it on the street and possibly being in the way of neighbors. Moreover, the Allen affidavit explained that Allen had removed his earth mover approximately two days later after completing the job, and disavowed any intent to damage the Property. As a result, Howard Thruston denied having "anything to do with the backhoe".

**¶10** Although the trial court acknowledged that no evidence of actual damage was presented, it found that granting BMO an injunction

---

[6] The Thrustons assert the trial court entered the TRO without notice, however they fail to develop a legal argument. Consequently, we will not address this issue. *See Polanco v. Indus. Comm'n of Ariz.*, 214 Ariz. 489, 491 n.2, ¶ 6, 154 P.3d 391, 394 n.2 (App. 2007); ARCAP 13(a)(6).

would cause only nominal harm to the Thrustons. Accordingly, it enjoined the Thrustons from damaging the Property and its improvements.

¶11 The trial court was in the best position to evaluate the evidence presented and the credibility of witnesses. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347-48, ¶ 13, 972 P.2d 676, 680-81 (App. 1998). The trial court was not required to accept Allen's affidavit or Howard Thruston's testimony. *See Hamilton v. Municipal Court of City of Mesa*, 163 Ariz. 374, 377, 788 P.2d 107, 110 (App. 1989). Because the earth mover appeared less than forty-eight hours after BMO had posted its demand to vacate and given the unwillingness of the Thrustons to relinquish possession, their conduct raised questions about their likely future conduct. *See TP Racing,* 232 Ariz. at 496 ¶ 24, 307 P.3d at 63 (holding that past attempt to remove a general partner provided reasonable grounds for preliminary injunction); *see also State ex rel. Babbitt v. Goodyear Tire & Rubber Co.*, 128 Ariz. 483, 486-87, 626 P.2d 1115, 1118-19 (App. 1981) (explaining that an inquiry into a party's past conduct is relevant to the likelihood that a party could engage in similar future conduct). Accordingly, the evidence supports the court's decision to issue the preliminary injunction to "maintain the status quo." *See Cracchiolo v. State*, 135 Ariz. 243, 247, 660 P.2d 494, 498 (App. 1983) (observing that an injunction to protect real property, if sought by a party entitled to possession, may be appropriate if it preserves the status quo). Consequently, the trial court did not abuse its discretion by issuing the preliminary injunction.

**CONCLUSION**

¶12 We affirm the issuance of the preliminary injunction. BMO is entitled to costs on appeal contingent upon its compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh