NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

THOMAS S. STEPHENS, et al., *Plaintiffs/Appellees,*

*v.*

JAGO HOLDINGS LLC, *Defendant/Appellant.*

No. 1 CA-CV 20-0138
FILED 11-24-2020

Appeal from the Superior Court in Maricopa County
No. CV2019-004467
The Honorable Daniel G. Martin, Judge

**VACATED AND REMANDED**

COUNSEL

Stein and Stein, P.C., Mesa
By Henry M. Stein, Amy R. Wilson
*Counsel for Plaintiffs/Appellees*

Schern Richardson Finter, PLC, Mesa
By Aaron M. Finter
*Counsel for Defendant/Appellant*

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the Court, in which Presiding
Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

**G A S S**, Judge:

**¶1**        Thomas S. Stephens, acting on behalf of the estate of Thomas C. Stephens, Mark Stephens, and Marketing Support Services, Inc. (collectively, appellees) sued Jago Holdings LLC, alleging Jago holds unpaid commissions belonging to them. The superior court granted a preliminary injunction in appellees' favor, enjoining Jago from using, spending, dissipating, disbursing, encumbering, assigning, or otherwise transferring the alleged unpaid commissions. Because appellees seek money damages, the issuance of the preliminary injunction was an abuse of discretion. We, therefore, vacate the injunction and remand the case to the superior court.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        This court views the facts in a light most favorable to upholding the superior court's ruling. *IB Prop. Holdings, LLC v. Rancho Del Mar Apartments Ltd. P'ship*, 228 Ariz. 61, 63, ¶ 2 (App. 2011).

**¶3**        Appellees filed a complaint alleging breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, and unjust enrichment. Appellees alleged they were entitled to money from Jago arising from commissions Thomas C. Stephens (deceased) earned from the sales of telecommunications services. In addition to a money judgment, appellees sought injunctive relief to: (1) prevent Jago from "[u]sing, spending, dissipating, disbursing . . . , encumbering, assigning or otherwise transferring" the commissions they believed were owed to them; (2) order Jago to deposit the commission payments on an ongoing basis with the clerk of the superior court; and (3) order Jago to provide accountings of all outstanding payments.

**¶4**        After an evidentiary hearing, the superior court granted a preliminary injunction. The superior court's signed order only found appellees would suffer immediate and irreparable harm without the injunction and could be left without an adequate remedy.

**¶5**        Jago timely appealed the preliminary injunction. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. § 12-2101.A.5.b.

## ANALYSIS

**¶6**        Jago argues, among other things, the superior court abused its discretion because appellees have an adequate remedy at law should they

prevail on the merits given the relief they seek is solely monetary in nature. We agree.

**¶7**        This court reviews an issuance of a preliminary injunction for abuse of discretion. *TP Racing, L.L.L.P. v. Simms*, 232 Ariz. 489, 492, ¶ 8 (App. 2013). The superior court abuses its discretion when it: (1) applies the incorrect substantive law or preliminary injunction standard; (2) bases its decision on a clearly erroneous finding of fact that is material to the decision to grant or deny the injunction; or (3) applies an acceptable preliminary injunction standard in a manner that results in an abuse of discretion. *McCarthy W. Constructors, Inc. v. Phx. Resort Corp.*, 169 Ariz. 520, 523 (App. 1991). This court defers to the superior court's factual findings unless clearly erroneous but reviews its legal conclusions *de novo. IB Prop. Holdings,* 228 Ariz. at 64, ¶ 5.

**¶8**        Here, the superior court needed to consider four equitable factors: (1) whether there was a strong likelihood appellees would succeed at trial on the merits; (2) the possibility of irreparable injury to appellees not remediable by damages if the requested relief is not granted; (3) whether the balance of hardships favors appellees; and (4) if public policy favors the injunction. *See Shoen v. Shoen*, 167 Ariz. 58, 63 (App. 1990). These factors have been condensed to a "sliding scale" in which appellees may establish either: "1) probable success on the merits and the possibility of irreparable injury; or 2) the presence of serious questions and that the balance of hardships tips sharply in favor of [appellees]." *Ariz. Ass'n of Providers for Pers. with Disabilities v. State*, 223 Ariz. 6, 12, ¶ 12 (App. 2009) (quotation omitted). When damages can be proven with reasonable certainty and are adequate to address the harm suffered, injunctive relief is generally not appropriate. *See IB Prop. Holdings*, 228 Ariz. at 73, ¶¶ 10–11.

**¶9**        Because appellees do not face an "irreparable injury not remediable by damages," we conclude as a matter of law the preliminary injunction was an inappropriate remedy. *See id.* Appellees characterize their request as merely seeking to preserve their property. We are not convinced. Indeed, appellees seek a money judgment in the amount of sales commissions they believe Jago owes them. They sought the preliminary injunction to guarantee a potential future judgment's full satisfaction.

**¶10**        Appellees' core claim is Jago owes them payment of the commissions in the form of money. A commission is "a sum or percentage allowed to agents, sales representatives, etc., for their services." *See* Random House Webster's Unabridged Dictionary 412 (2d ed. 2001). Appellees cannot reclassify their claims—for which they concede they seek a money

judgment to satisfy—as merely seeking "property." This court has long recognized when damages are sought, the amounts can be ascertained, and would remedy the harm, injunctive relief is inappropriate. *See Cracchiolo v. State*, 135 Ariz. 243, 247 (App. 1983) (vacating a preliminary injunction when damages sufficed as a remedy); *accord Fin. Assocs., Inc. v. Hub Props., Inc.*, 143 Ariz. 543, 546 (App. 1984) (affirming denial of preliminary injunction for the same reasons). True, money is personal property. But money is fungible and not so unique as to require payment of any specific dollars. *Cf. Woliansky v. Miller*, 135 Ariz. 444, 446 (App. 1983) ("Specific performance is ordinarily available to enforce contracts for the sale of real property because land is viewed as unique and an award of damages is usually considered an inadequate remedy.").

**¶11** Nothing in the superior court's analysis supports a conclusion this case is an exception to that general rule. During the evidentiary hearing, the superior court made no specific factual findings on the record to establish appellees face a possibility of irreparable harm with no adequate legal remedy. And the superior court's signed order lacks factual support. Findings of fact prompt judges to consider not just "the end results of their inquiry, but the process by which they reached it." *Miller v. Bd. of Supervisors of Pinal Cnty.*, 175 Ariz. 296, 299 (1993) (quoting *United States v. Merz*, 376 U.S. 192, 199 (1964)). "Without this explanation, an appellate court cannot effectively review the decision-making process of the trial court." *Id.*

**¶12** Here, the superior court made no findings to support its conclusion—appellees face irreparable harm—and it did not address the other three factors it is charged with considering when weighing a preliminary injunction. In the full context of the *Shoen* factor analysis, appellees cannot meet their burden of showing irreparable harm for which damages are insufficient. *See* 167 Ariz. at 63. The money damages they seek are ascertainable and sufficient to remedy their harm should they prevail.

**¶13** In short, there is no need to enjoin Jago from using these specific funds. Should appellees prevail, Jago simply may pay the amount proven at trial with the money it has at that time. Even assuming appellees face present, irreparable harm by not having this money, the injunction ordered Jago not to use or spend the money, to deposit it with the superior court, and to account for it. The injunction does nothing to cure the purported harm of appellees not having the funds now and amounts to an abuse of discretion. Because this issue is dispositive, we decline to reach the other issues Jago raises. *See Sw. Barricades, L.L.C. v. Traffic Mgmt., Inc.*, 240 Ariz. 139, 142, ¶ 17 n.3 (App. 2016).

4

**ATTORNEY FEES**

**¶14**        Jago requests its attorney fees incurred on appeal pursuant to ARCAP 21, and A.R.S. §§ 12-341.01 and -349. We decline to award attorney fees at this stage, but the superior court may reconsider any requests for fees on remand, including fees incurred in this appeal, pending the outcome of this litigation. *See Eans-Snoderly v. Snoderly*, 249 Ariz. 552, 559, ¶ 27 (App. 2020).

**CONCLUSION**

**¶15**        For the above reasons, we vacate the preliminary injunction and remand the case to the superior court.



AMY M. WOOD • Clerk of the Court
FILED:    AA