SUPREME COURT OF ARIZONA

JAVIER AGUILA, et al.,

        Plaintiffs/Appellants,

                v.

DOUG DUCEY, et al.,

        Defendants/Appellees.

)  Arizona Supreme Court
)  No. CV-20-0335-T/AP
)
)  Court of Appeals
)  Division One
)  No. 1 CA-CV 20-0598
)
)  Maricopa County
)  Superior Court
)  No. CV2020-010282
)

**FILED 03/24/2021**

### O R D E R

Appellants are 130 bar owners operating throughout Arizona under series 6 (bar) or 7 (wine and beer) liquor licenses. Governor Ducey issued a series of executive orders beginning with Executive Order ("EO") 2020-09 in March 2020 which closed many businesses but authorized series 12 (restaurant) liquor license holders to sell liquor for off-premise consumption.  Pursuant to emergency powers provided under A.R.S. § 26-303(E)(1), the Governor issued EO 2020-43 in June 2020, and the Arizona Department of Health Services ("ADHS") promulgated guidelines on August 10, 2020.

Appellants were all closed from mid-March through mid-May and for most of July and August. Many were able to reopen in September under restrictions they argued were unlawful. Some advise that they have not reopened.

Appellants sought declaratory and injunctive relief in the trial court  arguing first, that EO 2020-43 and related executive orders and agency guidelines were illegal and void because A.R.S. § 26-303(E)(1) violates the non-delegation doctrine in the Arizona Constitution under article 3. Second, Appellants argued that EO 2020-43's capacity limits were discriminatory and violated their privileges and immunities protections under article 2 section 13. Third, they argued that the executive orders were illegal and void because the orders violated due process provisions under article 2 section 4. Finally, they sought an order enjoining the Governor and ADHS from discriminating between Appellants and businesses operating under other liquor licenses and from allowing competitors to engage off-premise liquor sales.

After the evidentiary hearing, the trial court granted the defendants' motion to dismiss Appellants' non-delegation and due

process claims but denied the motion to dismiss Appellants' privileges and immunities claim. The court preliminarily enjoined a provision in EO 2020-09 concerning the sale of liquor for off-premise consumption but denied the plaintiffs' other requests for injunctive relief. Appellants appealed the trial court's denial of their request for injunctive relief and filed a motion to transfer the appeal to this Court which we granted.

On March 5, 2021, the Governor issued EO 2021-05. This Court asked for further briefing from the parties to address whether EO 2021-05 mooted the appeal, and the Court has considered those briefs. Although EO 2021-05 did not expressly rescind EO 2020-43, it did rescind capacity limits in the August 10 Guidelines and stated that EO 2021-05 would govern in the event of conflict with other orders. Importantly, under EO 2021-05, there are no longer distinctions between how Appellants and other businesses can operate.

Appellants argue that voluntary cessation does not moot a case on its own. *Pointe Resorts, Inc. v. Culbertson*, 158 Ariz. 137, 140–41 (1988). Instead, mootness will only be found where the events make it clear that the allegedly wrongful behavior could not be expected to recur. *State ex rel. Babbitt v. Goodyear Tire & Rubber Co.*, 128 Ariz. 483, 486–87 (App. 1981). Although the restrictions could return, the trend in Arizona has been to reopen, not close. *See Spell v. Edwards*, 962 F.3d 175, 180 (5th Cir. 2020) (explaining the trend in Louisiana was to open the state and thus any suggestion that the governor would reimpose restrictions was clearly speculative). And if the restrictions are re-imposed, Appellants can renew the request for injunctive relief.

Because EO 2021-05 purports to treat all businesses the same, the Court en banc finds that the request for preliminary injunctive relief is moot.[1] Appellants may challenge the trial court's dismissal of their claims following a final resolution of all claims in an appeal. The public would be better served by having the case decided in full rather than piecemeal. Therefore,

**IT IS ORDERED** dismissing this appeal as moot without prejudice to appealing a final judgment.

**IT IS FURTHER ORDERED** vacating oral argument scheduled for April 22, 2021.

---

[1] Justice Gould did not participate in the consideration of this matter.

**IT IS FURTHER ORDERED** correcting the caption as reflected in this order.


DATED this 24th day of March, 2021.


_____/s/_____
ROBERT BRUTINEL
Chief Justice



TO:

Ilan Wurman
Anni L Foster
Brett William Johnson
Colin P Ahler
Tracy Olson
Ian R Joyce
Craig A Morgan
Gregory W Falls
Mark Brnovich
Joseph A Kanefield
Brunn W Roysden III
Aditya Dynar
Paul F Eckstein
Joel W Nomkin
Thomas D Ryerson
Matthew R Koerner
Roopali H Desai
D Andrew Gaona
Paul V Avelar
Keith Everett Diggs
James Martin Manley
Pamela M Bridge
Ellen S Katz
Brenda Munoz Furnish
Amy M Wood
Hon. Jeff Fine